UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ASBERRY,<br><br>    Plaintiff,<br><br>v.<br><br>WARDEN BITER, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01741-DAD-MJS (PC)<br><br>**ORDER DENYING MOTION TO THE COURT FOR PROOF OF EXHAUSTION**<br><br>**(ECF NO. 10)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The Court screened Plaintiff's complaint (ECF No. 1) and found that it stated the following cognizable claims: an Eighth Amendment claim for medical indifference against Defendants Lozovoy and Relevante (formerly identified as Doe 3), and Eighth Amendment conditions of confinement and First Amendment retaliation claims against Defendants Ferris and Godfrey. The remaining claims were not cognizable as pled. (ECF No. 5.)

    Plaintiff was ordered to file an amended complaint or notify the Court in writing if he wished to proceed only on the cognizable claims. (Id.) Plaintiff responded that he does not wish to amend and instead wishes to proceed with the cognizable claims.

(ECF No. 7.) The Court will, by separate order, address dismissal of the non-cognizable claims and service of the cognizable claims.

Presently before the Court is Plaintiff's "Motion to the Court for Proof of Exhaustion on Eighth Amendment on Defendants Lozovoy and C. Relevante." (ECF No. 10.) Plaintiff states that he exhausted administrative remedies as to these defendants "some time ago," but only recently received a copy of the decision at the third level of review.

"[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones, 549 U.S. at 216. However, "in those rare cases where a failure to exhaust is clear from the face of the complaint," dismissal for failure to state a claim is appropriate, even at the screening stage. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014). Plaintiff's complaint does not present such a case. Indeed, the Court's screening order did not note any defects regarding exhaustion. Plaintiff is not required to submit administrative decisions to proceed beyond the screening stage in this action.

To the extent Plaintiff's motion seeks a ruling confirming that he did, in fact, exhaust administrative remedies, his request will be denied. No defendants have been served or appeared in the action. Thus, the defendants have not raised the defense of failure to exhaust, nor have they had an opportunity to be heard on this defense. If and when the defendants answer the complaint, the Court will issue a scheduling order setting a deadline for motions for summary judgment relating to this defense.

Based on the foregoing, Plaintiff's motion is premature and is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated:   February 17, 2017          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE