UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ASBERRY,<br><br>        Plaintiff,<br><br>    v.<br><br>C. RELEVANTE, et al.,<br><br>        Defendants. | Case No. 1:16-cv-01741-DAD-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>**(ECF NO. 42)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds on the following claims: an Eighth Amendment claim for deliberate indifference to a serious medical need against defendants Lozovoy and Relevante, an Eighth Amendment conditions of confinement claim against defendants Ferris and Godfrey, and a First Amendment retaliation claim against defendants Ferris and Godfrey.

1    Before the Court is Plaintiff's August 3, 2017 motion for a temporary restraining order and preliminary injunction. (ECF No. 42.) Defendants filed oppositions. (ECF Nos. 52, 54.) Plaintiff filed no reply. The matter is submitted. Local Rule 230(*l*).

Plaintiff's claims in this action concern his medical treatment and conditions of confinement at Kern Valley State Prison. However, he now is housed at R.J. Donovan Correctional Facility and is not in the custody of the named Defendants. The instant motion seeks injunctive relief requiring specific action by Donovan officials in relation to Plaintiff's medical care, and prohibiting retaliation by the same officials.

The relief Plaintiff seeks is not available in this action. Federal courts are courts of limited jurisdiction. The pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Institute, 555 U.S. 488, 492-93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which the action proceeds. Summers, 555 U.S. at 491-93; Mayfield, 599 F.3d at 969. While "[a] federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court.*" Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). To the extent Plaintiff claims officials at Donovan have interfered with his medical care or retaliated against him, such claims are not properly before this Court and should be brought in a separate action.

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for temporary restraining order and preliminary injunction be DENIED.

The findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with the findings and recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendation." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: September 12, 2017    /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE