UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ASBERRY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C.RELEVANTE, et al.,<br><br>　　　　　Defendants. | Case No. 1:16-cv-01741-DAD-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTIONS FOR COURT ORDER**<br><br>**(ECF Nos. 20, 24)**<br><br>**FOURTEEN DAY OBJECTION DEADLINE**<br><br>**CLERK TO SERVE COPY OF THIS ORDER ON LITIGATION COORDINATOR** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds on the following claims: an Eighth Amendment claim for deliberate indifference to a serious medical need against defendants Lozovoy and Relevante, an Eighth Amendment conditions of confinement claim against defendants Ferris and Godfrey, and a First Amendment retaliation claim against defendants Ferris and Godfrey.

Before the Court is Plaintiff's March 9, 2017, motion for court order, asking that the Court order Defendants to allow him to review his medical file. (ECF No. 20.) At the time the motion was filed, no defendants had appeared in the action. Accordingly, no

opposition was filed.

Also before the Court is Plaintiff's April 17, 2017 "Motion in Support of Ongoing Violations," which seeks to bolster his prior request and states that he also has had difficulty reviewing other files at his current institution. (ECF No. 24.) Again, no opposition was filed.

Federal courts are courts of limited jurisdiction. The pendency of this action does not give the Court jurisdiction over prison officials in general or enable it to provide relief that is not the subject of the operative complaint. Summers v. Earth Island Institute, 555 U.S. 488, 492-93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which the action proceeds. Summers, 555 U.S. at 491-93; Mayfield, 599 F.3d at 969. A court should not issue an injunction when the relief sought is not of the same character as that sought in the underlying action and the injunction deals with a matter lying wholly outside the issues in the underlying action. De Beers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945). Moreover, while "[a] federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court.*" Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

Here, Plaintiff's claims concern his medical treatment and conditions of confinement at Kern Valley State Prison. However, he now is housed at R.J. Donovan Correctional Facility and is not in the custody of the named Defendants. It would not appear that any Defendants could take any action with respect to Plaintiff's review of his medical or other files. Furthermore, access to Plaintiff's files is outside the scope of the claims upon which the action proceeds. To the extent Plaintiff claims that officials at Donovan have interfered with his access to the courts, such claims must be brought in a separate action. The motions for court order should be denied.

2

Nevertheless, the Court is cognizant that Plaintiff's ability to access his records may impact his ability to timely and effectively litigate this action. Accordingly, the Court will, by way of this order, request the assistance of the Litigation Coordinator at Plaintiff's institution in ensuring that Plaintiff is afforded adequate opportunities to access his files, to the extent doing so is consistent with institutional order and security. See Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970)). The Clerk's Office will be directed to serve a copy of this order on the Litigation Coordinator.

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motions for court order (ECF No. 20) be DENIED.

The findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with the findings and recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: September 12, 2017      /s/ *Michael J. Seng*
                                                     UNITED STATES MAGISTRATE JUDGE