UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ASBERRY,<br><br>    Plaintiff,<br><br>v.<br><br>C.RELEVANTE, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01741-DAD-MJS (PC)<br><br>**ORDER GRANTING REQUEST FOR CLARIFICATION**<br><br>**FINDINGS AND RECOMMENDATION TO DENY MOTION TO HAVE MEANINGFUL ACCESS TO COURT**<br><br>**(ECF NO. 59)**<br><br>**CLERK TO SEND COPY OF THIS ORDER TO LITIGATION COORDINATOR AT PLAINTIFF'S INSTITUTION**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds on the following claims: an Eighth Amendment claim for deliberate indifference to a serious medical need against defendants Lozovoy and Relevante, an Eighth Amendment conditions of confinement claim against defendants Ferris and Godfrey, and a First Amendment retaliation claim against defendants Ferris and Godfrey.

Before the Court is Plaintiff's August 25, 2017, "Motion to Have Meaningful

Access to Court, to Conduct Discovery." (ECF No. 59.) Plaintiff asks for clarification as to whether he can begin discovery. He also requests assistance making copies of his discovery requests, by way of a court order requiring the prison to provide him PLU status or other assistance making copies, or some other means.

To the extent Plaintiff requests clarification of the Court's discovery and scheduling order, his request is granted. Pursuant to Federal Rule of Civil Procedure 26(d), Plaintiff is authorized by the Court's discovery and scheduling order to engage in discovery. Plaintiff is reminded that discovery closes on April 18, 2018, and he must serve his discovery requests upon Defendants at least 45 days prior to that date. (See ECF No. 53.)

To the extent Plaintiff requests court orders directed at officials at his present institution, the Court reiterates the analysis it has provided Plaintiff in regard to other, similar requests. (See ECF Nos. 62, 64.)

Federal courts are courts of limited jurisdiction. The pendency of this action does not give the Court jurisdiction over prison officials in general or enable it to provide relief that is not the subject of the operative complaint. Summers v. Earth Island Institute, 555 U.S. 488, 492-93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which the action proceeds. Summers, 555 U.S. at 491-93; Mayfield, 599 F.3d at 969. A court should not issue an injunction when the relief sought is not of the same character as that sought in the underlying action and the injunction deals with a matter lying wholly outside the issues in the underlying action. De Beers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945). Moreover, while "[a] federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court.*" Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

Here, Plaintiff's claims concern his medical treatment and conditions of confinement at Kern Valley State Prison. However, he now is housed at R.J. Donovan Correctional Facility and is not in the custody of the named Defendants. It would not appear that any Defendants could take any action with respect to Plaintiff's ability to make copies of his discovery requests. Furthermore, Plaintiff's present requests are outside the scope of the claims upon which the action proceeds. Plaintiff's motion for court orders directed at Donovan officials should be denied.

Nevertheless, the Court is cognizant that Plaintiff's ability to access the law library may impact his ability to timely and effectively litigate this action. Accordingly, the Court will, by way of this order, request the assistance of the Litigation Coordinator at Plaintiff's institution in ensuring that Plaintiff is afforded adequate opportunities to access the library, to the extent doing so is consistent with prison policies and regulations, and institutional order and security. See Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970)). The Clerk's Office will be directed to serve a copy of this order on the Litigation Coordinator.

Based on the foregoing, Plaintiff's request for clarification is HEREBY GRANTED as stated herein. In all other respects, it is HEREBY RECOMMENDED that Plaintiff's "Motion to Have Meaningful Access to Court, to Conduct Discovery." (ECF No. 59) be DENIED.

The findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with the findings and recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.

Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: September 19, 2017          /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE