UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ASBERRY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WARDEN BITER, et al.,<br><br>　　　　Defendants. | CASE NO. 1:16-cv-01741-DAD-MJS (PC)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL, APPOINTMENT OF LEGAL ASSISTANT, AND ADDITIONAL TIME TO REPLY TO INTERROGATORIES**<br><br>(ECF No. 75)<br><br>**FINDINGS AND RECOMMENDATIONS TO:**<br><br>**(1) DENY MOTION TO ACCESS LAW LIBRARY** (ECF No. 67);<br><br>**(2) DENY MOTION FOR COURT ORDER TO PROVIDE PLAINTIFF ACCESS TO LEGAL FILES** (ECF No. 71); **AND**<br><br>**(3) DENY MOTION FOR ACCESS TO MEDICAL FILES** (ECF No. 75)<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.

Before the Court are Plaintiff's motions for access to the law library (ECF No. 67); for access to his legal papers (ECF No. 71); and to appoint counsel. (ECF No. 75.) Plaintiff also requests the appointment of a legal assistant to provide telephonic advice, access to his medical files, and additional time to respond to Defendants' Special Interrogatories. (ECF No. 75),

Defendants Ferris and Godfrey filed a response (ECF No. 76) to Plaintiff's motion for additional time to respond to Defendants' Special Interrogatories, but then withdrew the response after Plaintiff answered their Special Interrogatories. (ECF No. 78.) No other opposition or reply has been filed, and the time for doing so has passed.

These matters are deemed submitted. Local Rule 230(*l*).

I. **Appointment of Counsel**

Plaintiff does not have a constitutional right to be appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. And, based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims. Id.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel will be denied.

## II. Legal Assistant

Plaintiff cites no authority authorizing the Court to provide a legal assistant to Plaintiff at public expense, and the Court finds none. See Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) ("[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress. . . ." (quoting United States v. MacCollom, 426 U.S. 317, 321 (1976)). Accordingly, Plaintiff's request that a legal expert be appointed to provide legal advice on his behalf (ECF No. 75) will be denied.

## III. Additional Time to Respond

Defendants assert that Plaintiff has timely responded to Defendants' Special Interrogatories. (ECF No. 78.) Accordingly, Plaintiff's request for additional time (ECF No. 75) will be denied as moot.

## IV. Access to Law Library, Access to Legal and Medical files

Plaintiff is currently housed at the R.J. Donovan Correctional Facility and seeks injunctive relief requiring officials at that institution to allow him access to the law library and to his legal and medical files. (ECFs Nos. 67, 71, 75.) The Court has previously addressed several such requests. (ECF Nos. 20, 24, 42, 59.) All were denied on the grounds that the Court does not have authority to order the relief Plaintiff requests because the officials at R. J. Donovan are not parties to this suit. (ECF Nos. 62, 64, 68, 77.) Plaintiff has repeatedly been advised that the relief he requests cannot be granted. Further such requests waste court resources and may **subject Plaintiff to sanctions**.

Plaintiff again is informed that federal courts are courts of limited jurisdiction. The pendency of this action does not give the Court jurisdiction over prison officials in general or enable it to provide relief that is not the subject of the operative complaint. Summers v. Earth Island Institute, 555 U.S. 488, 492-93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which the action proceeds. Summers, 555 U.S. at 491-93; Mayfield, 599 F.3d at 969. A court should not issue an

3

injunction when the relief sought is not of the same character as that sought in the underlying action and the injunction deals with a matter lying wholly outside the issues in the underlying action. De Beers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945). Moreover, while "[a] federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court.*" Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

Here, Plaintiff is seeking injunctive relief against individuals not before the court and dealing with matters outside the issues in the underlying action. Plaintiff is currently in custody at Donovan and his claims concern his medical treatment and conditions of confinement at Kern Valley State Prison. Plaintiff is not in the custody of the named Defendants and it would not appear that any Defendant could take any action with respect to Plaintiff's access to the law library or review of his medical or legal files. Furthermore, access to Plaintiff's files is outside the scope of the claims upon which the action proceeds. To the extent Plaintiff claims that officials at Donovan have interfered with his access to the courts, such claims must be brought in a separate action. The motions for a court order should be denied.

**IV.  Conclusion, Order, and Recommendation**

Plaintiff's motion (ECF No. 75) is HEREBY DENIED, to the extent that it requests appointment of counsel, appointment of a legal assistant and additional time to respond to Defendants' Special Interrogatories.

Additionally, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion for a court order to have access to the law library (ECF No. 67) be DENIED;
2. Plaintiff's motion for access to legal papers (ECF No. 71) be DENIED; and

3. Plaintiff's motion (ECF No. 75) requesting access to legal or medical files be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: December 27, 2017    /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE