| | |
|---|---|
| TONY ASBERRY,<br><br>    Plaintiff,<br><br>v.<br><br>WARDEN BITER, et al.,<br><br>    Defendants. | CASE NO. 1:16-cv-01741-DAD-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO:**<br><br>**(1) DENY PLAINTIFF'S MOTION TO INCLUDE PREVIOUS LAWSUITS** (ECF NO. 46); **AND**<br><br>**(2) DENY WITHOUT PREJUDICE PLAINTIFF'S MOTION TO AMEND** (ECF NOS. 44, 45)<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendants Relevante and Lovozoy on Plaintiff's Eighth Amendment claims for medical indifference, and against Defendants Ferris and Godfrey on Plaintiff's First Amendment claims for retaliation and Eighth Amendment conditions of confinement claims.

Before the Court are Plaintiff's motion to amend his complaint (ECF No. 44) as well as his proposed first amended complaint (ECF No. 45) and his motion to include

previous law suits. (ECF No. 46.) Defendants filed opposition (ECF Nos. 60 & 61), and Plaintiff filed no reply. The matter is deemed submitted. Local Rule 230(*l*).

**I.     Legal Standard – Leave to Amend**

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). In determining whether to grant leave to amend, courts generally consider four factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. In re Korean Airlines Co., Ltd., 642 F.3d 685, 701 (9th Cir. 2011) (citing Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994)) (quotation marks omitted); see also Foman v. Davis, 371 U.S. 178, 182 (1962); Waldrip v. Hall, 548 F.3d, 729, 732 (9th Cir. 2008); AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006); Eminence Capital, LLC, 316 F.3d at 1052.

In evaluating whether a proposed amendment is futile, the Court must determine whether the amendment would withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and in making this evaluation, the Court is confined to review of the proposed amended pleading. Nordyke v. King, 644 F.3d 776, 788 n.12 (9th Cir. 2011) (citing Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) *reh'g en banc* Nordyke v. King, 681 F.3d 1041 (9th Cir. 2012).

Prejudice to the opposing party carries the greatest weight, and absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption in favor of granting leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (quotation marks omitted).

A party may amend its pleading once as a matter of course at any time before a responsive pleading is served and up to twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when

2

justice so requires. Fed. R. Civ. P. 15(a)(2). Therefore, Plaintiff may not file an amended complaint without leave of court. Furthermore, as Plaintiff is a prisoner proceeding in forma pauperis, under 28 U.S.C. § 1915A(a), the Court is required to screen his complaint prior to service.

Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

## II. Motion to Include Previous Lawsuits

This motion is styled, "Motion to Include Previous Lawsuits Filed by Plaintiff in His Amended Complaint." (ECF No. 46.) It includes a list of lawsuits previously filed by Plaintiff. It should be denied.

The complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff may not add to his proposed complaint by way of a separate motion.

## III. Motion to Amend

Plaintiff states that he wishes to amend his complaint to improve the clarity of his argument and to add facts that relate to the same set of events. (ECF No. 44.) In addition, he seeks to assert new legal claims arising out of his existing allegations.

### A. Plaintiff's Allegations

Plaintiff is proceeding in this action on allegations that Defendants Lozovoy and Relevante, on October 22, 2015 and June 8, 2016, respectively, removed Plaintiff from his wheelchair and from the disability program without examining Plaintiff and contrary to the orders of Plaintiff's prior physician. The Court found these allegations sufficient to state an Eighth Amendment medical indifference claim against these two Defendants. (ECF No. 5.)

Plaintiff's claims against Defendants Godfrey and Ferris arise out of a July 6, 2016 incident in which these Defendants transported Plaintiff from Kern Valley State

Prison to High Desert State Prison. Plaintiff alleges that these Defendants purposefully and maliciously subjected Plaintiff to a painful ride on the floor of a transport van. Plaintiff begged these Defendants to stop and place him in a seat but they did not do so for over two hours. Furthermore, they so acted in retaliation for Plaintiff having filed administrative grievances. The Court found these allegations sufficient to state claims under the First and Eighth Amendments.

The factual allegations in Plaintiff's proposed amended complaint with regard to these incidents are largely unchanged from his original complaint.[1] (Compare ECF No. 1 with ECF No. 45.) However, Plaintiff does include two additional factual allegations. First, Plaintiff alleges that on August 25, 2015, he had an "EMG" performed by non-party Dr. Andrew Rice outside of the prison which shows a sensor-motor peripheral neuropathy and possible left L2-3 Lumbar Radiculopathy. Second, on September 22, 2015, a Primary Care Provider ordered a tele-neurology consult based on Dr. Rice's August 25 report. Plaintiff alleges fourteen mostly new causes of action, most of which are new arising out of these and previously asserted facts.

**B.    Discussion**

Defendants argue that Plaintiff's motion is procedurally improper and, in any event, the proposed amended complaint fails to state any cognizable new claims. The Court agrees that no new cognizable claims are stated. Leave to amend would be futile and should be denied.

The Court will now review the allegations in the proposed amended complaint.

**i.    Allegations already found to be cognizable**

The proposed amended complaint re-alleges cognizable claims found in the previous screening order, specifically that Defendants Lozovoy and Relevante were deliberately indifferent to Plaintiff's serious medical needs, and that Defendants Godfrey

---

[1] Plaintiff's proposed amended complaint omits allegations regarding his legal papers. The Court previously found the allegations did not state a claim (ECF No. 17), and Plaintiff now states these issues have been resolved. (See ECF No. 44.)

4

and Ferris submitted him to cruel and unusual punishment and retaliation. The facts relating to these claims are unchanged from the prior pleading. They remain cognizable.

### ii. New Claims Fail to State a Claim

#### 1. Medical Indifference

Plaintiff's first, fourth, and fifth causes of action allege that Defendants Lovozoy and Relevante were deliberately indifferent to Plaintiff's serious medical needs because they failed to follow up on tests and treatment recommendations from other medical professionals.

A claim of medical indifference requires (1) a serious medical need, and (2) a deliberately indifferent response by the defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id.

Plaintiff's amended complaint fails to state a claim under this standard. From his allegations it is unclear how Defendants were involved in Plaintiff's treatment other than the incidents involving the wheelchair and removal of disability accommodations. Plaintiff has not alleged that they knew about his medical needs or knew that other medical professionals had recommended additional tests and treatment. As pled, the allegations are insufficient to state a cognizable claim and leave to file the proposed amended complaint should be denied.

#### 2. Use of non-wheelchair transport

Plaintiff also brings additional Eighth Amendment conditions of confinement claims against Defendants Godfrey and Ferris for transportation in a non-ADA compliant vehicle. Although unclear, Plaintiff may also be attempting to bring claims under the Americans with Disabilities Act ("ADA") and the Armstrong remedial plan. None of these present a new cognizable claim upon which relief could be granted.

### a. Eighth Amendment

Plaintiff is already proceeding on an Eighth Amendment claim against Godfrey and Ferris in relation to his transport on the basis that the ride was unnecessarily painful. The additional fact that the vehicle was not ADA complaint does not state an additional basis for relief under the Eighth Amendment. The allegation does not state a new cognizable claim.

### b. ADA

The ADA claim alleged in Plaintiff's initial complaint was dismissed with prejudice for failure to name a proper defendant. (ECF Nos. 5, 17, 25.) The amended complaint suffers from the same defect. Stewart v. Unknown Parties, 483 F. App'x 374, 374 (9th Cir. 2012) (citing Lovell v. Chander, 303 F.3d 1039, 1052 (9th Cir. 2002)) ("[N]either Title II of the ADA nor § 504 of the Rehabilitation Act ("RA") provides for individual capacity suits against state officials.").

In any event, because these claims have already been dismissed with prejudice, leave to amend to add such claims should be denied.

### c. Armstrong Remedial Plan

The Armstrong class action was filed in the District Court for the Northern District of California. It involves alleged violations of the ADA and RA, and covers all present and future California State prisoners and parolees with certain disabilities. See Armstrong v. Davis, et al., No. CV-94-2307 CW (N.D. Cal.). It resulted in a permanent injunction and the implementation of a remedial plan.

A claim for violation of the Armstrong injunction or remedial plan requires enforcement in the court that issued the injunction. Additionally, any claims in this action that also fall within the scope of the Armstrong plan will be governed by rules of claim and issue preclusion. Thus, an Armstrong claim provides no cognizable basis for relief for Plaintiff.

#### d. Conclusion

Plaintiff's proposed amended complaint does not add any additional cognizable bases for relief in regards to his transport. Leave to amend would be futile and should be denied.

### 3. State law claims

Plaintiff's remaining causes of action concern state law claims.

The Court may exercise supplemental jurisdiction over state law claims in any civil action in which it has original jurisdiction if the state law claims form part of the same case or controversy. 28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

To bring a tort claim under California law, Plaintiff must allege compliance with the California Tort Claims Act ("CTCA"). Under the CTCA, a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action. Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). Failure to demonstrate such compliance constitutes a failure to state a cause of action and will result in the dismissal of state law claims. State of California v. Superior Court (Bodde), 32 Cal.4th 1234, 1240 (2004).

Plaintiff does not need to submit proof of his compliance with the CTCA; he is only required to affirmatively allege compliance by stating when his claim was submitted and on what grounds. See, e.g., Dowell v. Contra Costa County, 928 F. Supp. 2d 1137, 1152 (N.D. Cal. 2013) (Plaintiff deemed to have adequately alleged compliance by asserting

the date that she filed her claim and the date it was rejected); Nnachi v. City and County of San Francisco, 2015 WL 1743454, at *6 (N.D. Cal. 2015) (dismissing state tort claim for failure to plead facts regarding "when he submitted such a claim, what he stated in that claim, and when the City denied it.").

Here, Plaintiff has alleged cognizable federal claims; however the proposed complaint does not allege Plaintiff's compliance with the CTCA. Plaintiff is required to affirmatively allege compliance with the CTCA at the pleading stage or is deemed to have failed to state a cause of action. Bodde, 32 Cal.4th at 1240. Although Plaintiff previously pled compliance generally (ECF No. 1), he omitted this allegation from his amended complaint. An amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. Thus, Plaintiff's state laws claims are not cognizable as presented in the proposed amended complaint.

## IV.  CONCLUSION AND ORDER

Plaintiff's proposed amended complaint does not state any cognizable claims that are not already alleged in the operative pleading. As stated herein, the newly added claims are not cognizable as pled. Accordingly, leave to file the proposed amended pleading should be denied. However, because it is unclear whether Plaintiff may be able to allege cognizable medical indifference or state law claims, the denial should be without prejudice to Plaintiff again seeking leave to amend on the basis of a lodged complaint containing additional facts.

If Plaintiff chooses, he may make another motion to amend in order to re-plead his state law claims.

As presented, the Court cannot conclude that Plaintiff's state tort claims are cognizable and thus leave to amend would be futile and should be denied.

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion to amend (ECF No. 44) be DENIED without prejudice; and

2. Plaintiff's motion to include previous lawsuits (ECF No. 46) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: December 29, 2017        /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE