UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ASBERRY,<br><br>    Plaintiff,<br><br>v.<br><br>MARTIN BITER, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01741-LJO-MJS (PC)<br><br>**ORDER DENYING MOTION FOR SUBPOENA**<br><br>**(ECF NO. 80)** |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds on the following claims: an Eighth Amendment claim for deliberate indifference to a serious medical need against defendants Lozovoy and Relevante, an Eighth Amendment conditions of confinement claim against defendants Ferris and Godfrey, and a First Amendment retaliation claim against defendants Ferris and Godfrey.

    Before the Court is Plaintiff's December 14, 2017 motion for subpoena. (ECF No. 80.) He seeks to subpoena his own medical records from the California Department of Corrections and Rehabilitation.

| | |
|---|---|
| 1 | Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena |
| 2 | commanding the production of documents relevant to his claim from a nonparty. Fed. R. |
| 3 | Civ. P. 34(c), 45. However, the Court will consider granting such a request only if the |
| 4 | documents are not equally available to Plaintiff and are not obtainable from Defendant |
| 5 | through a request for production. If Defendant objects to Plaintiff's request to discover |
| 6 | the documents from Defendant, Plaintiff must file a motion to compel. Fed. R. Civ. P. |
| 7 | 37(a). If the Court rules that the information is discoverable but Defendant does not have |
| 8 | care, custody, or control of it, Plaintiff may seek issuance of a subpoena directed to a |
| 9 | nonparty. See Fed. R. Civ. P. 34, 45. Alternatively, if the Court rules that the information |
| 10 | is not discoverable, the inquiry ends. The Court will not issue a subpoena to a nonparty |
| 11 | without Plaintiff first following the above procedures. |

Here, Plaintiff has not demonstrated that he is unable to obtain his medical records without a subpoena, either through his own efforts or through discovery. They should be made available to him on his written request for them.

Accordingly, his motion is HEREBY DENIED.

IT IS SO ORDERED.

Dated: March 31, 2018        /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE