UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ASBERRY,<br><br>    Plaintiff,<br><br>v.<br><br>MARTIN BITER, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01741-LJO-MJS (PC)<br><br>**ORDER GRANTING IN PART MOTION TO HAVE ACCESS TO THE LAW LIBRARY**<br><br>**(ECF NO. 87)**<br><br>**CLERK TO SEND COPY OF THIS ORDER TO LITIGATION COORDINATOR AT PLAINTIFF'S INSTITUTION** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds on the following claims: an Eighth Amendment claim for deliberate indifference to a serious medical need against defendants Lozovoy and Relevante, an Eighth Amendment conditions of confinement claim against defendants Ferris and Godfrey, and a First Amendment retaliation claim against defendants Ferris and Godfrey.

Before the Court is Plaintiff's January 8, 2018 motion to have access to the prison law library to conduct discovery. (ECF No. 87.) Plaintiff states therein that he understands from the Court's prior orders that the Court cannot order prison personnel to provide him library access in the circumstances of this case. However, he states that the

Court previously requested the voluntary assistance of the litigation coordinator at his institution, and that this request was successful. He since has moved to a different institution and asks that the Court once again to request such assistance to facilitate his efforts in this case, as his own requests have been unsuccessful.

In light of Plaintiff's explanation, the Court does not construe the motion as requesting injunctive relief or an order requiring that he be provided law library access. However, the Court is cognizant that Plaintiff's ability to access to the law library may impact his ability to timely and effectively litigate this action. Accordingly, the Court will, by way of this order, request the assistance of the Litigation Coordinator at Plaintiff's institution in ensuring that Plaintiff is afforded adequate opportunities to access the library, to the extent doing so is consistent with institutional order and security. See Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970)). The Clerk's Office is directed to serve a copy of this order on the Litigation Coordinator at Salinas Valley State Prison.

Thus, in the limited respect described here, Plaintiff's motion is HEREBY GRANTED.

IT IS SO ORDERED.

Dated: March 31, 2018            /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE