UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ASBERRY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WARDEN BITER, et al.,<br><br>　　　　Defendants. | CASE NO. 1:16-cv-01741-LJO-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY**<br><br>(ECF Nos. 74, 86) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendants Relevante and Lovozoy on Plaintiff's Eighth Amendment claims for medical indifference, and against Defendants Ferris and Godfrey on Plaintiff's First Amendment claims for retaliation and Eighth Amendment conditions of confinement claims.

Before the Court are Plaintiff's motions to compel discovery in regards to Defendants Lovozoy and Relevante. (ECF Nos. 74, 86.) Defendants filed opposition. (ECF Nos. 84, 92, 93.) Plaintiff replied. (ECF No. 106.) The matter is deemed submitted. Local Rule 230(*l*).

## II. Legal Standard

The discovery process is subject to the overriding limitation of good faith. <u>Asea, Inc. v. S. Pac. Transp. Co.</u>, 669 F.2d 1242, 1246 (9th Cir.1981). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. <u>Id.</u>

Pursuant to Rule 37(a), a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). The failure to timely object to a discovery request may be deemed a waiver of the objection. <u>Richmark Corp. v. Timber Falling Consultants</u>, 959 F.2d 1468, 1473 (9th Cir. 1992).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. <u>E.g.</u>, <u>Grabek v. Dickinson</u>, No. CIV S-10-2892 GGH P., 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); <u>Ellis v. Cambra</u>, No. 1:02-cv-05646-AWI-SMS (PC), 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. <u>Grabek</u>, 2012 WL 113799, at *1; <u>Womack v. Virga</u>, No. CIV S-11-1030 MCE EFB P., 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011).

## III. Relevant Background

On August 27, 2017, Plaintiff served his first set of interrogatories on Defendants Lozovoy and Relevante. (ECF No. 84-1 ¶ 2, 74 at 18). According to the Defendants, responses to those interrogatories were served on Plaintiff on October 13, 2017. (ECF No. 84-1 ¶ 2.) It appears Plaintiff received the responses. (See ECF Nos. 74 at 20-28, 86 at 18-28, 36-46).

On September 29, 2017, Defendants Lozovoy and Relevante received a first set of requests for admissions from Plaintiff. (ECF No. 84-1 ¶ 3.) The Court granted Defendants an extension of time to November 30, 2017, to respond to this request for admission. (ECF No. 73.) According to Defendants they served the answer to these requests on Plaintiff on November 30, 2017. (ECF No. 84-1 ¶ 3.)

On November 6, 2017, Plaintiff sent a second set of interrogatories and requests for documents to Defendants. (ECF No. 86 at 10.) Responses were sent to Plaintiff on December 21, 2017. (ECF Nos. 92, 93.) Plaintiff has apparently received those responses. (See ECF No. 106.)

## IV. Motions to Compel

Plaintiff has filed two motions to compel discovery from these Defendants. (ECF Nos. 74, 86, 91.) Plaintiff's requests in both motions are summarized below.

### A. First Motion to Compel

On November 17, 2017, in his first motion to compel, Plaintiff stated that he had not received answers to his first set of interrogatories and his first set of admissions, and alternatively that the answers that he had received were inadequate; and he sought to compel Defendants to respond adequately to his requests. (ECF No. 74.) Plaintiff also sought sanctions against Defendants; for the Court to deny the Defendants' an extension of time to respond to his discovery requests; and for additional time to complete discovery if Plaintiff needed it in the future. (Id.)

Defendants responded that they had provided responses to Plaintiff's requests and that his motion did not demonstrate how their responses were deficient. (ECF No. 84.)

### B. Second Motion to Compel

On January 08, 2018, in his second motion to compel discovery, Plaintiff states that he had not received Defendants' responses to his first or second set of interrogatories or requests for admission. (ECF No. 86 at 2-3.) Plaintiff requests that the Court compel Defendants to respond to his first and second interrogatories; that the Court count Defendants refusal to answer as a waiver to defend and a confession to the point that the Court hold Defendants accountable for refusing to answer Plaintiff; and that Defendants receive sanctions. (ECF No. 86 at 8.)

Defendants state that they have provided responses and point out that Plaintiff has failed to identify the responses he feels are deficient. (ECF No. 92.) Plaintiff replied that Defendants had failed to answer his questions in their responses to his second set of interrogatories. (ECF No. 106.) Plaintiff provided copies of the responses from Defendants in which they object to answering most of Plaintiff's second set of interrogatories on the grounds that Plaintiff had exceeded the allowable number of interrogatories. (See Id.)

## V. Analysis

### A. Alleged Missing Responses

As an initial matter, it is unclear which responses Plaintiff claims he had not received, and thus, what information Plaintiff wishes to compel Defendants to provide. Although Plaintiff requests responses to both his first and second sets of interrogatories and requests for admissions, it appears he has received responses to both set of interrogatories. (See ECF Nos. 74 at 20-28, 86 at 18-28, 36-46, 106 at 16-34.) (copies of responses to these requests). Thus, it appears that his real claim is that these responses are inadequate or incomplete.

It is not clear if Plaintiff has received a reply to his first or second request for admissions. Defendants provide proof of service and aver that responses to Plaintiff's first set of requests admission were served on November 30, 2017 and responses to his second set of request for admissions were served on December 21, 2017. (See ECF Nos. 92, 93.)

Plaintiff states that on December 23, 2017, he was transferred to a new facility. (ECF No. 84 at 2). This move may have interfered or delayed Plaintiff's access to mail. Service is deemed effective when delivered to Plaintiff's address of record. Defendants cannot be sanctioned for mailing their responses to the address provided by Plaintiff.

Additionally, Plaintiff requests that the Court deem Defendants to have waived their objections by not responding. Fed. R. Civ. P. 33 and 34 provide that discovery requests must be responded to within 30 (or in some cases 45) days and a failure to object to discovery requests within the time required constitutes a waiver of any objection. Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981). Here, the Court's discovery and scheduling order requires that responses to all discovery requests be served within forty-five days of service, and as to one of Plaintiff's requests, Defendants received an extension of time. (ECF Nos. 53, 73.) In all instances, Defendants provide proof that they timely served their responses on Plaintiff. The fact that Plaintiff may not have received Defendants' responses is not sufficient to deem their objections waived.

### B. Responses to First Set of Interrogatories

Plaintiff provides copies of his first set of interrogatories and the responses he received. (See ECF Nos. 74 at 20-28, 86 at 18-28, 36-46.) Plaintiff also includes in his motions copies of letters that he sent to Defendants' counsel outlining his dissatisfaction with their replies. (ECF Nos. 74 at 9-15, 86 at 50-55.) Although, Plaintiff's motions do not specify exactly what answers he wants the Court to compel Defendants to answer, the Court will construe Plaintiff's letters as indicating the responses Plaintiff is dissatisfied

with. Since most of Plaintiff's concerns are not specific to a particular question, they will be considered below by issue.

### 1. Non-responsive

In general, Plaintiff complains that Defendants have asserted "boilerplate" responses without answering the questions asked, but he does not state why he believes Defendants' answers are incomplete. This analysis applies to Plaintiff's complaints regarding Interrogatories # 5, 6, 8, 9, 10, 11, 12, 13, 14, 17, 18, 19, 20, 24 to Defendant Lovozoy (See ECF No. 86 at 50-51); and Interrogatories # 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25 (See Id. at 52-55).

On review, the Court finds that Defendants provided answers to Plaintiff's queries. It is not clear what Plaintiff finds inadequate. Plaintiff, as the moving party, bears the burden of indicating why Defendants' objections are not justified and must indicate with specificity what information he seeks. Grabek, No. CIV S-10-2892 GGH P., 2012 WL 113799, at *1. In regards to the aforementioned interrogatories, Plaintiff has not met that burden.

### 2. Follow-up Questions

In regards to a few interrogatories, Plaintiff asks generic follow-up questions about the Defendants' responses, such as "please explain what your [sic] referring." (ECF No. 86 at 50.) This is the case for interrogatories # 15, 16, 19 to Defendant Lovozoy (See id. at 50-51); and interrogatory # 23 to Defendant Relevante. (See Id. at 54.)

However, as noted above, a review of Defendants' responses indicates that they have answered Plaintiff's questions as Plaintiff has phrased them. Plaintiff's objections do not specify why these answers are deficient. He provides no grounds for the Court to compel Defendants to answer them differently.

Accordingly, Plaintiff's motions are denied as they respect Plaintiff's first set of interrogatories.

**C.     Responses to Second Set of Interrogatories**

Plaintiff provides copies of Defendants' responses to his second set of interrogatories. Defendants declined to answer all but one of Plaintiff's requests on the grounds that Plaintiff had exceeded the number of interrogatories allowed under Rule 33. Rule 33 states in relevant part: "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 33 (a)(1).

Here Plaintiff has submitted more interrogatories than the limit allowed by Rule 33, a total of fifty interrogatories. Plaintiff has not sought leave of the Court to submit additional interrogatories as required under the Federal Rules. Nor does he provide in his motions compelling reason for the Court to do so. Indeed, he acknowledges that his second set "consist largely of the same questions" as those contained in the first set of interrogatories. (ECF No. 84 at 2.)

Accordingly, Defendant's refusal to respond to Plaintiff's second set of interrogatories, virtually identical to the first, is in good faith. Plaintiff's motion to compel is declined.

**D.     Sanctions**

Plaintiff requests sanctions against Defendants. In his motions based on Defendants' refusal to answer questions as he desired and because of the time Defendants took to answer. The Court finds Defendants provided sufficient timely answers.. There are no grounds to impose sanctions.

**D.     Extension of Time**

Plaintiff's request that Defendant's be denied additional time to respond to his interrogatories is moot. The Court granted this request on November 14, 2017. (ECF No. 73.)

### III. Conclusion, Order, and Recommendation

Based on the foregoing, Plaintiff's motions to compel and for sanctions (ECF Nos. 74, 86) are HEREBY DENIED.

IT IS SO ORDERED.

Dated: April 15, 2018   /s/ *Michael J. Seng*
                        UNITED STATES MAGISTRATE JUDGE