UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ASBERRY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. RELEVANTE,<br>R. LOZOVOY,<br>A. FERRIS, and<br>P. GODFREY,<br><br>　　　　Defendants. | Case No. 1:16-cv-01741-LJO-JDP<br><br>ORDER DENYING PLAINTIFF'S FIRST MOTION TO COMPEL AND REQUIRING DEFENDANTS FERRIS AND GODFREY TO SUPPLEMENT THEIR RESPONSE TO PLAINTIFF'S SECOND MOTION TO COMPEL<br><br>(Doc. Nos. 91, 110.) |

Plaintiff Tony Asberry, a state prisoner, proceeds without counsel in this civil rights action brought under 42 U.S.C. § 1983. This order addresses two motions to compel filed by plaintiff. (Doc. Nos. 91, 110.) The court will deny the first motion to compel and require defendants Ferris and Godfrey to supplement their response to plaintiff's second motion to compel.

**I.　Plaintiff's first motion to compel**

Plaintiff moves to compel defendants Ferris and Godfrey to respond to his interrogatories and his requests for production of documents. (Doc. No. 91.) Plaintiff served these discovery requests on November 8, 2017, and was transferred to a new facility on December 23, 2017. (Doc. No. 91, at 2.) After his transfer, plaintiff served defendants with a notice of change of address on Christmas Day, 2017. (Doc. No. 83, at 2.) On December 28, 2017, defendants served plaintiff with their discovery responses by mailing them to plaintiff's old address. (*See*

1

Doc. No. 94-1, at 5-8.) It appears that plaintiff's notice of change of address and defendants' responses crossed in the mail. Even though plaintiff notified the court approximately five months ago that he was having difficulties receiving his mail and accessing legal materials (Doc. No. 98), he has filed court submissions since that time demonstrating that he has received defendants' discovery responses. (*See* Doc. No. 110, at 37.) Because plaintiff has received defendants' responses to his discovery requests, the court will deny plaintiff's first motion to compel. *See Balla v. Idaho*, 677 F.3d 910, 920 (9th Cir. 2012) ("The best defense against an action or motion to compel compliance with a legal obligation is compliance. . . . [T]here would be no order compelling the party to do what it has already done.").

## II. Plaintiff's second motion to compel

Plaintiff moves to compel defendants Ferris and Godfrey to produce the "White Transfer Envelope" and its contents, which he alleges relate to his transfer between two prisons. (Doc. No. 110.) Prison staff must prepare such a packet of documents under the transfer procedures of the California Department of Corrections and Rehabilitation ("CDCR"), and plaintiff contends that he needs the packet to refute some of Ferris and Godfrey's defenses. (*See* Doc. No. 110, at 1-3; 5, at 5 (plaintiff's allegations against Ferris and Godfrey).) Plaintiff sought to obtain the packet by serving defendants with a request of production of documents, and defendants oppose the production of those documents "on the basis that they have conducted a reasonable inquiry into the contents of the 'white transfer envelope' and have produced everything in their possession, custody or control." (Doc. Nos. 110, at 37-38; 118, at 1-2.)

Federal Rule of Civil Procedure 34 governs requests for production of documents. Rule 34 allows a party to obtain documents from a responding party when the requested documents are in the responding party's "possession, custody or control" and discoverable under Rule 26(b). *See* Fed. R. Civ. P. 34(a)(1). A request for production of documents must specify the documents requested, a reasonable time, place, and manner of compliance, and, in cases involving electronically stored information, the form in which the responding party must produce the requested electronically stored information. *See* Fed. R. Civ. P. 34(b)(1); *Gorrell v.*

*Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013). A party opposing discovery "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Gorrell*, 292 F.R.D. at 632. Here, defendants do not argue that plaintiff cannot discover the requested documents or that his request for the documents is deficient in any way; they argue instead that after conducting a reasonable inquiry, they have determined that they have no possession, custody, or control of the documents.

A party has possession, custody, or control of documents if it has "actual possession, custody, or control, or has the legal right to obtain the documents." *See A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006) (quoting *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir.1995)) (collecting cases). Thus, a court may order a party to produce documents "in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Gorrell*, 292 F.R.D. at 632. The term "control" has a broad meaning: "the legal right to obtain documents upon demand." *United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989), *quoted in Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 379 (C.D. Cal. 2009); *accord* JAMES MOORE, 4 MOORE'S FEDERAL PRACTICE § 34.14 (3d ed. 2010) (collecting cases).

A party claiming that it has no possession, custody, or control of requested documents must conduct a reasonable inquiry whether that claim is true before asserting that claim. *See* Fed. R. Civ. P. 26(g)(1); *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006). When a party has not conducted a reasonable inquiry before claiming no possession, custody, or control of documents, the court may order the party to conduct a new inquiry, submit declarations detailing the nature of the new inquiry, and supplement the party's production of documents. *A. Farber & Partners*, 234 F.R.D. at 189-90.

Here, defendants Ferris and Godfrey claim that they have conducted a reasonable inquiry in search of the White Transfer Envelope, because they asked the litigation coordinator at plaintiff's old prison about the contents of the envelope. (Doc. Nos. 118, at 3; 118-1, at 1-2.) Defendants do not explain the nature or the extent of any investigation conducted by the

litigation coordinator. Merely contacting the litigation coordinator at plaintiff's former prison does not fulfill defendants' duty to undertake a reasonable inquiry in search of the envelope.[1]

According to plaintiff, Ferris has admitted that he is the highest-ranking officer responsible for overseeing and enforcing CDCR's transfer procedures; defendants do not deny this claim. (*See* Doc. No. 110, at 1-2.) Defendants also acknowledge that they received the White Transfer Envelope when they transported plaintiff to his new prison and that they delivered the envelope to the new prison. (Doc. No. 118, at 2.) Further, they acknowledge that they know the identity of the Receiving and Release Registered Nurse, O. Regino, who evaluated plaintiff before his transfer and who was responsible for preparing the White Transfer Envelope. (*See id*. at 3; Doc. No. 110, at 11.) Given these facts, a reasonable inquiry before denying possession, custody, or control of the documents would include—at a minimum— asking defendants, Regino, and prison staff at plaintiff's old and new prisons about the location of the White Transfer Envelope.

Plaintiff states that defendants are "attempting to hide" relevant information and that defendants produced only "a borderline effort of forgery." (Doc. No. 110, at 5, 42.) Plaintiff appears to suggest that the court should sanction defendants. The court must reserve sanctions for "rare and exceptional" cases. *See Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997) (citation omitted). Here, the court has no basis to conclude that defendants acted in bad faith or committed forgery. Thus, rather than imposing sanctions, the court will direct defendants to conduct a new inquiry in search of the missing White Transfer Envelope, file declarations detailing how they conducted the new inquiry, and supplement their response to plaintiff's motion to compel explaining why the court should not grant the motion. *See A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189-90 (C.D. Cal. 2006). The court will rule on plaintiff's motion to compel after reviewing defendants' supplemental submissions.

---

[1] Notably, because defendants themselves delivered the White Transfer Envelope to plaintiff's *new* prison (Doc. No. 118, at 2), the litigation coordinator at his *old* prison might not be expected to have it.

Accordingly,

1. Plaintiff Tony Asberry's first motion to compel (Doc. No. 91) is denied without prejudice.
2. The court defers ruling on plaintiff's second motion to compel. (Doc. No. 110.)
    a. By Friday, August 17, 2018, defendants A. Ferris and P. Godfrey must:
        i. conduct a new inquiry and search for the documents discussed above;
        ii. serve and file declarations detailing their efforts to search and obtain the documents; and
        iii. supplement their response to plaintiff's motion to compel and explain why the court should not grant plaintiff's motion to compel.
    b. The court will decide whether to hold a hearing after reviewing defendants A. Ferris and P. Godfrey's submissions.

IT IS SO ORDERED.

Dated:  August 2, 2018                                         _____
                                                                UNITED STATES MAGISTRATE JUDGE