UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ASBERRY,<br><br>    Plaintiff,<br><br>    v.<br><br>C. RELEVANTE,<br>R. LOZOVOY,<br>A. FERRIS, and<br>P. GODFREY,<br><br>    Defendants. | Case No. 1:16-cv-01741-LJO-JDP<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>(Doc. No. 110.) |

    Plaintiff Tony Asberry, a state prisoner, proceeds without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff previously moved to compel defendants Ferris and Godfrey to produce the "White Transfer Envelope" and its contents prepared for his transfer between two prisons. (Doc. No. 110.) Defendants Ferris and Godfrey opposed the motion, stating that they had produced the contents of the envelope, a CDCR 7371 form. (Doc. No. 118.) The court previously found that defendants had not conducted a reasonable inquiry in search of the envelope and its additional alleged contents, and the court directed defendants to conduct further investigation. (Doc. No. 139.) Defendants complied, and they have filed a response detailing their efforts to locate the materials requested by plaintiff. (Doc. No. 144.) Plaintiff has filed a reply, arguing that defendants' efforts to find the requested materials were inadequate. (Doc. No. 147.)

    A party must conduct a reasonable inquiry before claiming that it does not have possession, custody, or control of a requested document. *See* Fed. R. Civ. P. 26(g)(1);

*A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006). A reasonable inquiry includes, "at a minimum, a reasonable procedure to distribute discovery requests to all employees and agents of the defendant potentially possessing responsive information, and to account for the collection and subsequent production of the information." *Nat'l Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 556 (N.D. Cal. 1987). On the other hand, the Federal Rules of Civil Procedure "do not demand perfection," and a court assesses the reasonableness of an inquiry by an objective standard. *See Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 615 (C.D. Cal. 2013). The court considers whether the producing party conducted an inquiry "objectively reasonable under the circumstances," taking into account "the burdensomeness and importance of the discovery requested" and the court's obligation to secure "the just, speedy, and inexpensive determination of every action." *Id.* (quoting Fed. R. Civ. P. 1).

Here, defendants Ferris and Godfrey have conducted a reasonable inquiry. Prison employees whom defendants asked about the contents of the envelope—the nurse who completed the CDCR 7371 form for plaintiff's transfer, the litigation coordinator at plaintiff's old prison, the nurse who received the CDCR 7371 form, and the litigation coordinator at his new prison—all confirmed that the only item contained in the envelope was the CDCR 7371 form, which defendants have already produced. (*See* Doc. Nos. 144-1, 144-3, 144-4.) The litigation coordinators at both prisons indicated that having only a CDCR 7371 form in the envelope was typical. (*See* Doc. Nos. 144-3, ¶ 6; 144-4, ¶¶ 3, 6-7.) Defendants state that the envelope, which is now empty, could not be found. (Doc. No. 144-3, ¶ 8.)

According to plaintiff, standard procedures require the envelope to contain other materials, such as a Disability Placement Program Verification form, a Patient Summary Sheet, and Active Physician's Orders. (Doc. No. 147, at 2 (citing Doc. No. 147, at 15).) But even if prison staff are required to include additional materials in the envelope, this does not guarantee that they did so. Indeed, plaintiff says he does not recall having a "pre-boarding medical check" as required. (*See id*. at 4.) At a later point in this case, plaintiff may wish to inform the court of the significance of the absence of a medical check or of the prison staff's failure to

include additional materials in the envelope.  As regards the White Transfer Envelope, the undersigned is satisfied that defendants Ferris and Godfrey have fulfilled their discovery obligations.

**Order**

Plaintiff Tony Asberry's motion to compel (Doc. No. 110) is denied.

IT IS SO ORDERED.

Dated:   September 2, 2018                                                 
UNITED STATES MAGISTRATE JUDGE