UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ASBERRY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>C. RELEVANTE, R. LOZOVOY, A. FERRIS, and P. GODFREY,<br><br>　　　　　Defendants. | Case No. 1:16-cv-01741-LJO-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT COURT DENY PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION FOR INJUNCTIVE RELIEF<br><br>ECF Nos. 161, 167<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR CLARIFICATION<br><br>ECF No. 170<br><br>ORDER DENYING PLAINTIFF'S MOTION REGARDING MAIL<br><br>ECF No. 171 |

Plaintiff Tony Asberry, a state prisoner, proceeds without counsel in this civil rights action brought under 42 U.S.C. § 1983. The parties moved for summary judgment, which the court denied. ECF Nos. 152, 163. Plaintiff has now filed several motions. I recommend that the court deny plaintiff's motions for reasons discussed below.

**I.　Plaintiff's Motion for Reconsideration**

Earlier in the case, the court denied plaintiff's motions for summary judgment. *See* ECF Nos. 116, 117, 125, 148, 152, 163. The court also denied some portions of plaintiff's motion for leave to amend. *See* ECF No. 152 at 1-15. Plaintiff then moved for reconsideration of

1

the court's decisions on his motions for summary judgment and leave to amend; the court denied reconsideration. *See* ECF Nos. 154, 157. Plaintiff moves again for reconsideration.

A district court has the inherent authority to reconsider or modify an interlocutory order at any time before the entry of judgment. *See Intamin, Ltd. v. Magnetar Techs. Corp*, 623 F. Supp. 2d 1055, 1068 (C.D. Cal. 2009). Ordinarily, a district court reconsiders its summary judgment decision when the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Smith v. Clark Cty. Sch. Dist*., 727 F.3d 950, 955 (9th Cir. 2013) (quoting *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993)). This list is not exhaustive, and "[t]here may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J, Multnomah Cty., Or.*, 5 F.3d at 1263 (citation omitted).

The court should deny plaintiff's motion for reconsideration. Plaintiff identifies no clear error, manifestly unjust decision, intervening change in controlling law, or unusual circumstances. Instead, he reiterates the same arguments that the court has already rejected. For example, one of the factual disputes in this case is whether plaintiff needed a wheelchair when two of the four defendants denied him one. Plaintiff cites several doctors' assessments in support of his claim that he needed a wheelchair. However, the treatment notes from those doctors do not show plaintiff's entitlement to summary judgment; they instead suggest that plaintiff exerted poor efforts during the diagnostic tests. One of the cited physicians was Andrew Rice, a physician at an off-site hospital who reviewed the results of an electromyography (EMG) and nerve conduction study (NCS). *See* ECF No. 167 at 63-65. Rice wrote, "The study is difficult to interpret due to patient's poor effort . . . ." *Id*. at 65. Plaintiff also saw Edward Birdsong, another doctor, who noted:

> I am going to send him to Physical Therapy, although he sounds like he is not interested. He said all that does i[s] cause him pain. I have no reason to believe he has pain. *I have no reason to believe he cannot walk* and I think I am going to send him to Physical Therapy anyway and see if perhaps they can have some breakthrough. In the meantime he is safe. . . .

ECF No. 128 at 10 (emphasis added). These treatment notes, ECF No. 167 at 3-4, do not help plaintiff secure summary judgment. Plaintiff raises similar arguments throughout his motion for reconsideration, and they are similarly meritless—as already addressed in the court's summary judgment opinions. *See* ECF Nos. 148, 157.[1] Plaintiff's motion for reconsideration should be denied.

## II. Plaintiff's Motion for Meaningful Access to His Legal Materials

The court scheduled a settlement conference earlier in the case, and plaintiff filed a motion for injunctive relief, asking for meaningful access to his legal materials. ECF No. 161. Plaintiff argues in his motion for injunctive relief that he will "no doubt" be placed in a disciplinary housing unit and be denied access to his legal materials. *See id*. at 1-2. He does not argue that anyone has yet denied him such access. The court has explained to plaintiff what he must show to obtain injunctive relief in another opinion, *see* ECF No. 82, and we will not repeat the explanation here. This court cannot grant injunctive relief for consequences that are "too remote, insubstantial, or speculative." *Hernandez v. Sessions*, 872 F.3d 976, 996 (9th Cir. 2017); *accord Updike v. Multnomah Cty.*, 870 F.3d 939, 948 (9th Cir. 2017). The court should summarily deny plaintiff's motion for injunctive relief.

## III. Plaintiff's Motion to Set Record Straight

Plaintiff has filed a document titled, "Motion to Set the Record Straight." ECF No. 170. In his motion, plaintiff asks three questions:

> (1) whether the court has received a letter from plaintiff explaining why he could file a motion for reconsideration earlier;
>
> (2) whether the court has received plaintiff's motion for consideration; and
>
> (3) whether the court can provide plaintiff with a copy of the complaint filed in another case before this court. *Asberry v. Godinez*, No. 1:19-cv-78-BAM (E.D. Cal. filed Jan. 17, 2019).

---

[1] Plaintiff also accuses the assigned magistrate judge of various forms of misconduct. According to plaintiff, the magistrate judge misrepresented facts, erroneously rejected plaintiff's claims on technicalities, was willing to blame plaintiff for prison officials' bullying, and was unfair and biased. *See* ECF No. 167 at 3, 23-24, 27.

3

*Id.* at 3. We construe plaintiff's motion as a motion for clarification and grant it. The court has received a letter from plaintiff explaining why he could not file a motion for reconsideration earlier. ECF Nos. 166, 167. As for a copy of the complaint filed in another case, that is a matter for a different judge to decide.

**IV.     Plaintiff's Motion Regarding Mail**

Plaintiff has filed a letter, which the clerk of court docketed as a motion. ECF No. 171. In the letter motion, plaintiff states that he has been having difficulties mailing his submissions to the court. He does not identify what remedy he seeks. Under Rule 7(b)(1)(C) of the Federal Rules of Civil Procedure, a motion must state the relief sought. Because plaintiff has not identified the relief sought, his motion is denied. It also appears that the court has received all submissions that plaintiff has attempted to file.

**V.      Order**

1. Plaintiff's motion to set record straight, ECF No. 171, which we construe as a motion for clarification, is granted.

2. Plaintiff's motion regarding his mail, ECF No. 171, is denied.

**VI.     Findings and Recommendations**

We recommend that the court deny plaintiff's motion for injunctive relief, ECF No. 161, and motion for reconsideration, ECF No. 167.

These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Any party may object to these findings and recommendations, but they must file and serve written objections within fourteen days of the service of these findings and recommendations. The objections must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

4

IT IS SO ORDERED.

Dated: August 23, 2019

                                                  UNITED STATES MAGISTRATE JUDGE

No. 202