UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ASBERRY,<br><br>   Plaintiff,<br><br>   v.<br><br>C. RELEVANTE, *et al.*,<br><br>   Defendants. | Case No. 1:16-cv-01741-NONE-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF BE DENIED<br><br>ECF Nos. 180, 184<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Tony Asberry is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff seeks injunctive relief against defendants and others. ECF Nos. 180, 184. For the reasons discussed below, the court recommends denying plaintiff's motions.

**Discussion**

A federal district court may issue injunctive relief only if the court has both personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend"). The court may not determine the rights of persons not before it. *See Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir.

1983); *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Rule 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "[P]laintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In addition to establishing irreparable harm, the injunctive relief sought must be related to the claims brought in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). A permanent injunction may be granted only after a final hearing on the merits. *See MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir.1993) ("As a general rule, a permanent injunction will be granted when liability has been established . . . .").

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials. In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). As the Ninth Circuit has previously observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000).

In his first motion, plaintiff describes an instance in which he was not served dinner after an insulin injection and had to eat other food. ECF No. 180 at 7, 9, 13. As for requested relief: "Plaintiff is not requesting that the court take any action other than to take notice of the seriousness of what plaintiff is alleging." *Id.* at 13. Plaintiff does not request any injunctive relief. Thus, his first motion for a preliminary injunction, ECF No. 180, should be denied.

In his second motion, plaintiff alleges that he is at risk of being attacked by other inmates. ECF No. 184. Plaintiff believes that his assignment to yard crew is intended to put him out in the open where he could be attacked. *Id.* at 8. Plaintiff, who is in a wheelchair, believes that defendants put him on yard crew knowing that he could not be of any use at that job in retaliation for filing this lawsuit. *Id.* Plaintiff also claims that his cell is not fully accessible by wheelchair, and he alleges that he has sought accommodations for this. *Id.* at 13-14. Plaintiff has chosen to forgo use of yard time and day room time, including showering, to avoid exposing himself to other inmates. Plaintiff seeks to be moved to administrative segregation while his allegations are investigated[1] and for defendants to respond to his safety concerns.

Additionally, plaintiff filed a supplement to his second motion for injunctive relief, ECF No. 185, and a notice related to that motion, ECF No. 187. Given plaintiff's pro se status, the court will consider these documents in conjunction with his second motion for injunctive relief. In his supplement, plaintiff alleges that he was attacked by an inmate when he went to the library and was not allowed access to medical care for his injuries. ECF No. 185. Plaintiff does not provide information on what particular injuries he suffered, whether any weapon was used, how he was attacked, or the identity of his attacker. In the notice related to his motion, plaintiff alleges that he has been attacked on two occasions by gang members and asks the court for

---

[1] For plaintiff to have any new claims investigated, he must go through the prison grievance process, not through this court. Plaintiff may file a new lawsuit once he has exhausted his administrative remedies and seek relief through that avenue, instead of trying to add new and unrelated claims to this case through a motion for preliminary injunction. *See Pac. Radiation Oncology, LLC*, 810 F.3d at 633 (requiring that the injunctive relief sought be related to the underlying case).

assistance so that he can see a doctor without fear of further attacks.  ECF No. 187.  Defendants have not responded in opposition to plaintiff's motions.

In plaintiff's second motion for injunctive relief, he does not address his likelihood of success on the merits of his case.  In plaintiff's complaint, he alleged the following potentially-viable claims: 1) deliberate-indifference claims under the Eighth Amendment against Lozovoy and Relevante; 2) conditions-of-confinement claims under the Eighth Amendment against Ferris and Godfrey; and 3) retaliation claims under the First Amendment against Ferris and Godfrey.  ECF No. 148.  But plaintiff's motions for summary judgment have been denied, *see* ECF No. 163, and he has not otherwise established that he is likely to succeed on the merits of this case.  Because the first element for establishing the right to injunctive relief has not been satisfied, plaintiff's motion must fail.  *See Glossip v. Gross*, 135 S. Ct. at 2736-37.

Plaintiff has also not established the second element, the likelihood of irreparable harm, which provides another reason to deny his second motion for injunctive relief.  *See id.*  Plaintiff has alleged that he is afraid of being attacked and that he has been attacked.  However, plaintiff's conclusory allegations do not provide enough information for this court to find that he is likely to suffer irreparable harm without injunctive relief.  To determine whether harm is irreparable, for example, the court must know what type of harm is at issue.

Finally, it is not clear whether plaintiff's second motion for injunctive relief is related to the claims in this case.  Plaintiff categorically blames defendants and their associates but does not name any individual defendant in this case or describe their individual actions.  Plaintiff has not tied the injunctive relief requested to this action, and it does not appear to be related.  To the extent that the injunctive relief requested is not related, the court cannot grant the relief requested.  *See Pac. Radiation Oncology, LLC*, 810 F.3d at 633.  Plaintiff must bring new, unrelated claims in a different lawsuit.  *See* Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1350-51 (9th Cir.1997).

**Findings and Recommendations**

For the foregoing reasons, it is recommended that plaintiff's motions for injunctive relief, ECF Nos. 180, 184, be denied.  These findings and recommendations will be submitted to the

U.S. district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days of service of these findings and recommendations, the parties may file written objections with the court.  If a party files objections, that party should do so in a document captioned "Objections to Magistrate Judge's Findings and Recommendations."

IT IS SO ORDERED.

Dated:  August 31, 2020

UNITED STATES MAGISTRATE JUDGE

No. 204.