UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ASBERRY,<br><br>  Plaintiff,<br><br>  v.<br><br>C. RELEVANTE, et al.,<br><br>  Defendants. | Case No. 1:16-cv-01741-NONE-HBK<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT PRETRIAL STATEMENT AND ORDERING AMENDED PRETRIAL STATEMENT IN THIRTY DAYS<br><br>(Doc. No. 194)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO CLARIFY<br><br>(Doc. No. 197) |

Plaintiff Tony Asberry, current state prisoner, initiated this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983 on November 17, 2016. (Doc. No. 1). Plaintiff is proceeding on his amended complaint as screened. (*See* Doc. Nos. 14, 152). Pending review, *inter alia,* are: (1) plaintiff's motion to supplement pretrial statement (Doc. No. 194); and (2) plaintiff's motion to clarify status of the scheduling order (Doc. No. 197).

1. Motion to Supplement Pretrial Statement

On June 2, 2020, plaintiff moved to supplement his pretrial statement. (Doc. No. 194). Plaintiff seeks permission to file a supplement to his pretrial statement explaining that, as a *pro se* litigant, he was "unaware" of how to prepare a pretrial statement and believes he failed to include

1

issues that are relevant to his claims. (*Id.*). It is not entirely clear whether plaintiff intended his motion to serve as his "supplement" because it includes various issues and law arguably pertaining to plaintiff's claims. Defendants did not file an opposition to plaintiff's motion, and the court independently finds no basis to reject plaintiff's motion, especially considering the unforeseen delay in this case proceeding to trial. The court discourages piecemeal pleadings. Consequently, Plaintiff will be required to file an amended free-standing pretrial statement, as opposed to supplementing his current pretrial statemen. In order to expedite the filing of the amended pretrial statement, the court will direct the clerk to provide plaintiff with a one-time courtesy copy of his previous pretrial statement and this motion to supplement for his use in preparing the amended statement.

      2.   Motion to Clarify

On August 17, 2020, plaintiff filed a pleading titled "Motion to Clarify the Status of Plaintiff Trial Scheduling Order." (Doc. No. 197). Plaintiff explains that he attempted to call in for the August 13, 2020 pretrial conference but was rebuffed by prison officials. (*Id.* at 2.) Plaintiff speculates the conference may have been rescheduled and seeks an update on "the status of his trial." (*Id.* at 3.)

The court's Scheduling Order entered on April 12, 2018 set this matter for a pretrial conference for May 22, 2020, with trial following on July 7, 2020. (Doc. No. 119.) Due to the global coronavirus pandemic, the court issued General Order 618 on May 13, 2020, which continued all scheduled trials. The court accordingly reset the pretrial conference for August 13, 2020 and the trial for September 22, 2020. (Doc. No. 191.) Because the pandemic has continued, those dates were again vacated until further order of court. (Doc. No. 196, 203). This matter is currently scheduled for a telephonic status conference on April 22, 2021. (Doc. No. 203). All orders resetting these dates were communicated to plaintiff via mail, albeit perhaps not before the scheduled hearing date had passed. (*See* docket). Plaintiff's motion to clarify the status of the scheduling order is effectively granted through this explanation.

Accordingly, it is ORDERED:

      1.      Plaintiff's motion to supplement pretrial statement (Doc. No. 194) is GRANTED.

2. Plaintiff shall file a free-standing pleading captioned "Plaintiff Amended Pretrial Statement" **no later than thirty (30) days after receipt of this Order**. The Amended Pretrial Statement shall not refer back or incorporate by reference any part of Plaintiff's original pretrial statement or supplement.

3. The Clerk of Court is directed to provide plaintiff with a courtesy copy of his pretrial statement (Doc. No. 186) and his motion to supplement (Doc. No. 194) with this Order.

4. Defendants may file a free-standing Amended Pretrial Statement, if they choose, no later than thirty (30) days after Plaintiff files his Amended Pretrial Statement.

5. Plaintiff's motion to clarify the pretrial statement (Doc. No. 197) is GRANTED to the extent explained above.

IT IS SO ORDERED.

Dated:     March 30, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE