1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   TONY ASBERRY,                          Case No. 1:16-cv-01741-NONE-HBK

12                  Plaintiff,              ORDER DENYING PLAINTIFF'S MOTION
                                           TO MODIFY COURT ORDER
13        v.
                                           (Doc. No. 193)
14   C. RELEVANTE, et al.,
                                           ORDER DENYING W/O PREJUDICE
15                  Defendants.            PLAINTIFF'S MOTION TO OBTAIN THE
                                           ATTENDANCE OF TWO
16                                         UNINCARCERATED WITNESSES

17                                         (Doc. No. 200)

18                                         ORDER DENYING PLAINTIFF'S MOTION
                                           TO DIRECT DEFENDANTS TO GRANT
19                                         PLAINTIFF ACCESS TO LAW LIBRARY

20                                         (Doc. No. 206)

21

22        Plaintiff Tony Asberry, a current state prisoner, initiated this action by filing a *pro se* civil

23   rights complaint under 42 U.S.C. § 1983 on November 17, 2016.  (Doc. No. 1).  Plaintiff is

24   proceeding on his amended complaint as screened. (*See* Doc. Nos.  148, 152).  Pending review

25   are, *inter alia*, the following motions: (1) plaintiff's motion to modify court order (Doc. No. 193);

26   (2) plaintiff's motion to obtain the attendance of two non-incarcerated witnesses (Doc. No. 200);

27   and (3) plaintiff's motion for access to the law library (Doc. No. 206).

28

                                             1

1        1.   <u>Motion to Modify Court Order and For Access to Law Library</u>

2        On May 27, 2020, plaintiff filed a pleading titled "Motion to Modify Court Order." (*See*

3 *generally* Doc. No. 193). In his motion, plaintiff requests (1) "the opportunity to obtain [the

4 testimony of] witnesses Steve Farra and Doctor Lopez" or, in the alternative, the admittance at

5 trial of their unreturned requests for admission; and (2) an order permitting him two phone calls a

6 week, two to four hours of weekly law library access, and access to the law library copy machine.

7 (Doc. No. 193 at 5). On March 26, 2021, plaintiff filed a motion again seeking access to the law

8 library. (Doc. No. 206). Plaintiff generally complains that he has been transferred to a different

9 institution and his access to the law library has been restricted, unless he is under a court-ordered

10 deadline.

11        Because plaintiff filed a subsequent motion requesting the appearance of the same two

12 nonincarcerated witnesses to testify in court, that aspect of his motion will be addressed *infra*.

13 Concerning plaintiff's request for telephone calls and weekly or other access to the law library,

14 and access to a copy machine, plaintiff is advised that while "prisoners have a First Amendment

15 right to telephone access, this right is subject to reasonable limitations." *Johnson v. State of Cal.*,

16 207 F.3d 650, 656 (9th Cir. 2000). Similarly, while inmates have the right to access law libraries,

17 precedent "does not dictate a minimum number of hours or any other requirement for satisfying

18 the right of access" to them. *Witkin v. Swarthout*, 2013 WL 6054451, at *2 (E.D. Cal. Nov. 15,

19 2013). Limitations on an inmate's access to copy machines is "ordinary" and permissible if some

20 access is allowed. *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009). It is "access to the

21 courts" that is the protected constitutional right, not an abstract free-standing right to an

22 institution's law library. *Lewis v. Casey*, 518 U.S. 343, 350 (1996).

23        Limitations on his access to these services are not *per se* unconstitutional and plaintiff

24 does not allege, yet alone show any actual injury in this regard. Indeed, the docket reveals

25 plaintiff has been able to file numerous, lengthy pleadings that reference case law and statutes. It

26 is not the court's role to act as a prison administrator and dictate to correctional officials how

27 many hours of telephone or library access plaintiff should be permitted. *Lewis* at 363. Further,

28 the court is aware that the global pandemic has affected almost all institutions, both private and

1  public, in some manner necessitating various restrictions for safety purposes.  Plaintiff should

2  adhere to the institution's regulations to gain access to the institution's law library and resources.

3  Consequently, the court denies plaintiff's requests for these various forms of relief.

4         2.   Motion to Subpoena Witnesses and Obtain Copy of Docket

5        On December 29, 2020, plaintiff renewed his request to obtain the attendance of two un-

6  incarcerated witnesses who refuse to testify voluntarily.  (Doc. No. 200).  Plaintiff also requested

7  an updated copy of civil docket for this case.  (*Id.*).  Plaintiff seeks to compel the appearance of

8  Steve Farra of the prison law office at San Quentin State Prison; and Dr. Lopez, the chief medical

9  executive at Kern Valley State Prison.  (*Id.* at 4). Plaintiff also seeks a copy of this matter's

10 docket.  (*Id*. at 3-5).

11       Plaintiff identifies two witnesses he wishes to call for trial.  Neither witness is incarcerated

12 nor will voluntarily appear.  As pointed out in this court's Scheduling Order, a party seeking to

13 compel the attendance of a witness for trial must deposit fees for the witness in advance of the

14 court subpoenaing them.  (Doc. No. 119 at 5).  That fee encompasses the $40.00 daily witness fee

15 plus the costs of the witness's travel to and from the courthouse.  28 U.S.C. § 1821.  The current

16 mileage reimbursement rate is set at $0.56 per mile.[1]  The round-trip distance Mr. Farra to travel

17 from San Quentin State Prison to the Fresno federal courthouse is 386 miles.  At the 56 cents per

18 mile reimbursement rate, the cost to subpoena Mr. Farra would be $216.16 plus the $40.00 daily

19 witness fee for a total of $256.16.  The round-trip distance for Dr. Lopez to travel from Kern

20 Valley State Prison to the Fresno federal courthouse is 162 miles.  At the 56 cents per mile

21 reimbursement rate, plaintiff's cost to subpoena Dr. Lopez would be $90.72 plus the $40.00 daily

22 witness fee for a total of $130.72.

23       No statute authorizes the use of public funds to cover these payments and plaintiff's *in*

24 *forma pauperis* status does not obviate his need to pay them. For each witness, plaintiff must

25 submit a money order made payable to the witness for the amounts listed above.  The subpoenas

26 will not issue subpoenas absent payment in full.

27

28 [1] https://www.gsa.gov/travel/plan-book/transportation-airfare-pov-etc/privately-owned-vehicle-pov-mileage-reimbursement-rates

3

1    As noted in previous orders, plaintiff's trial date has been delayed indefinitely due to the

2    ongoing global pandemic.  Thus, at the present time, a date and time for plaintiff's trial has not

3    been set.  After plaintiff deposits the necessary sums, plaintiff may renew his motion to subpoena

4    these nonincarcerated witnesses.  Thus, the court will deny his motions without prejudice at this

5    time.

6    Finally, plaintiff's request for a copy of the docket should be directed to the clerk's office,

7    not to the court via a motion.  Plaintiff is reminded that "proceeding *in forma pauperis* does not

8    entitle a party to the waiver of anything other than court filing fees."  *Martin v. McNut*, 2011 WL

9    4543039, at *1 (E.D. Cal. Sept. 28, 2011).  Nor does plaintiff's *pro se* or prisoner status entitle

10   him to receive complimentary copies.  *Blair v. CDCR*, 2018 WL 1959532, at *6 f. 2 (E.D. Cal.

11   Apr. 25, 2018).  Consistent with statute, the court will provide copies of documents and the

12   docket sheet at $0.50 per page.  *See* 28 U.S.C. § 1914.  Checks in the exact amount are payable to

13   "Clerk, USDC."  The length of the docket length is 16 pages.  Thus, to the extent plaintiff wishes

14   to obtain a copy of the docket sheet, he should forward a check in the amount of $8.00 to the

15   Clerk with his request for the same.

16   Accordingly, it is ORDERED:

17   1.      Plaintiff's motion to modify court order (Doc. No. 193) and motion for access to

18           the law library (Doc. No. 206) are DENIED.

19   2.      Plaintiff's motion to subpoena witnesses (Doc. No. 200) is DENIED without

20           prejudice.

21   3.      Plaintiff's motion to obtain copy of docket sheet (Doc. No. 200) is DENIED.

22

23   IT IS SO ORDERED.

24

25   Dated:    March 30, 2021

             HELENA M. BARCH-KUCHTA
26           UNITED STATES MAGISTRATE JUDGE

27

28