1  Tony Asberry

2  P-63853 FAC-D-2-109

3  P.O. Box, 5248

4  C-SATF/S.P.

5  Corcoran calif. 93212

6

7  UNITED STATES DISTRICT COURT

8  EASTERN DISTRICT of california

9  Tony Asberry                    CASE NO.# 1:16-CV-01741-JLT-HBK

10                                 "Motion In limine, limiting

11  V.                             Prior Felony convictions. For

12                                 The sole Purpose of Impeachment

13  C. Relevante, et al.,          ON THE Issues In This civil case",

14

15                 (I) Introduction

16

17  Plaintiff is a STATE Prisoner Proceeding Pro Se in

18  This civil RIGHTS. CASE. This case Proceeds AGAinst

19  Four Defendants, Including Two MEDICAL Profession-

20  -Als, Defendants Lozovoy, AND C. Relevante, for violat-

21  -ions of the 8th AMEND. "MEDICAl Indifference", The

22  REMAINING Two Defendants ARE custody officials

23  Including SerGeant Ferris, AND officier GodFrey,

24  who violated PLAINTIffs conditions, AND RETAliated AG-

25  -AINST The Plaintiff IN violation Both The 8th AND the

26  1st AMENDMENTS.

27

28

1 of 3

## (II) DISCUSSION

The PARTIES HAVE NOT BEEN ABLE TO AGREE ON MUCH. AS SUCH, PLAINTIFF ANTICIPATES THAT THERE WILL BE MORE OF THE SAME. DEFENDANTS RELEVANTE, AND LOZOVOY IN THEIR PRETRIAL STATEMENTS TO THIS COURT (ECF. NO. 190) ON PAGE #5, LINES *14 THRU *19, DEFENDANTS PLAN TO IM- -PEACH PLAINTIFF BY INTRODUCING PLAINTIFFS "PRIOR FELONY CONVICTIONS."

## (III) GROUNDS FOR MOTION IN LIMINE

PLAINTIFFS INCARCERATION STATUS WILL BE MADE KNOWN TO THE JURY, THE DEFENDANTS SHOULD NOT BE ALLOWED TO IMPLY THAT BECAUSE THE PLAINTIFF WAS CONVICTED IN THE PAST THE OFFICERS AND THE MEDICAL STAFF HAD A RIGHT TO VIOLATE PLAINTIFFS CIVIL RIGHTS, NOR SHOULD THE DEFENDANTS BE ALLOWED TO MAKE THIS CASE ABOUT PLAINTIFFS PRIOR FELONY CONVICTIONS. THE DEFENDANTS NEED TO BE SPECIFIC ABOUT WHAT THEY WANT TO INTRODUCE TO THE JURY CONCERNING PLAINT- -IFFS PRIOR FELONY CONVICTIONS, AFTER WHICH PLAINT- -IFF CAN RESPOND, AND THIS COURT SHOULD RULE ON THE MATTER. PRIOR TO THE TRIAL.

(IV) CONCLUSSION

THE DEFENDANTS HAVE YET TO TRY AND COME TO ANY SORT OF AGREEMENT WITH THE PLAINTIFF THROUGHT OUT THIS LITIGATION AS SUCH, PLAINTIFF HAS NO IDEA HOW THEY PLAN TO PROCEED ON THIS ISSUE OF PLAINTIFFS PRIOR CONVICTION, PLAINTIFF DOES BELIEVE THAT HIS TESTIMONY IS IMPORTANT AND DOES PLAN TO TESTIFY. AND FOR THE REASONS STATED HEREIN THE COURT SUCH GRANT PLAINTIFFS MOTION IN LIMINE TO SET FOURTH THE BOUNDARIES AND OR LIMITATIONS ON THE INTRODUCTION OF PLAINTIFFS PRIOR FELONY CONVICTIONSS. THE DEFENDANTS HAVE NOT OFFERED ANY SPECIFICS REGARD-ING THEIR INTENTIONSS ON THIS ISSUE AS SUCH, THE COURT SHOULD ORDER A HEARING TO ESTABLISH SOME BOUNDARIES REGARDING THIS ISSUE,

Respectfully Submitted

Tony Asberry

DATED: 1-30-2022

P-63853

1  TONY ASBERRY
2  P-63853 FAC-D-2-109
3  P.O. BOX, 5248
4  C-SATF/ S.P.
5  CORCORAN CALIF 93212

6

7                        UNITED STATES DISTRICT COURT
8                      EASTERN DISTRICT of CALIFORNIA

9                                    CASE NO.#1:16-CV-01741-JLT-HBK
10  TONY ASBERRY               PLAINTIFF'S DECLARATION IN
11                             SUPPORT of MOTION IN limine
        V.
12
13
   C. RELEVANTE, ET. al.,
14

15

16  TONY ASBERRY declares UNDER PENALTY of PERJURY:

17  .1) I AM THE PLAINTIFF IN THIS CASE, I MAKE THIS AFFIDAVIT IN
18     SUPPORT of MY MOTION "IN limine"
19

20  .2) THAT I DO HAVE PRIOR FELONY CONVICTIONS. AND THAT I'M
21     CURRENTLY SERVING A SENTENCE FOR THE CONVICTION of
22     A THIRD STRIKE FOR 2nd DEGREE ROBBERY OUT of FRESNO
23     COUNTY.

24  .3) THAT DEFENDANTS LOZOVOY AND RELEVANTE FILED PRE-
25     -TRIAL STATEMENTS. AND IN THEIR STATEMENTS THE DEF-
26     -ENDANTS. CLAIM THAT THEY INTENT TO IMPEACH ME. AND OR
27     MY TESTIMONY BY INTRODUCING MY PRIOR CONVICTIONS
28

                            1 of 2

1  4) THAT MY PRIOR CONVICTIONS INCLUDING THE FELONIES
2     PLAYED NO ROLE IN THE DEFENDANTS ACTION THAT LEAD
3  TO THE CLAIMS IN THIS CASE
4
5  5) THAT I INTEND TO TESTIFY AT MY TRIAL.
6
7  6) THAT THIS COURT NEEDS TO RULE ON THIS MATTER PRIOR
8     TO THE JURY TRIAL.
9
10  7) THAT A HEARING ON THIS MATTER IS NEEDED
11
12
13
14
15     PURSUANT TO 28 U.S.C. SECTION 1746, I DECLARE
16  UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE
17  AND CORRECT.
18
19                                   Respectfully Submitted
20
21  DATED: 1-30-2022
22
23                                   Tony Asberry
24
25                                          P-63853
26
27
28

2 of 2

# (V.) MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE

PRIOR CONVICTIONSS ARE NOT SUPPOSED TO BE USED TO SHOW THAT YOU ARE A BAD CHARACTER AND THEREFORE OUGHT TO LOSE YOUR LAWSUIT, OR THAT PLAINTIFF DID SOMETHING BAD IN THE PAST SO PLAINTIFF PROBABLY ALSO DID SOMETHING BAD IN THIS CASE BEFORE THE COURT. RULE 404(b), Fed. R. EVID., IN ADDITION, THE DEFENDANTS CAN NOT DWELL ON THE DETAILS OF PRIOR CONVICTION, TO SHIFT THE FOCUS OF THE TRIAL TO THE PLAINTIFFS PRIOR HISTORY. U.S. V. ROBINSON, 8 F.3d AT 410: Geitz V. Lindsey, 893 F.2d 148, 151 (7th CIR. 1990): Charles V. Cotter, 867 F. SUPP. 648, 656 n. 3, 660 (N.D. ILL. 1994) (CAUTIONING THAT IN CIVIL RIGHTS CASES, WHICH OFTEN PIT UNSYMPATHETIC PLAINTIFFS AGAINST THE GUARDIANS OF COMMUNITY SAFETY, IT IS EASY (ALBEIT UNFAIRLY PREJUDICIAL) TO USE PRIOR CONVICTIONSS TO TRANSFORM THE CLAIM INTO AN ATTACK ON PLAINTIFFS CHARACTER). SEE: Cohn V. PAPKE, 655 F.2d 191, 193 (9th CIR. 1981) (EVIDENCE THAT PLAINTIFF WAS bisexual WAS NOT ADMISSIBLE TO SHOW THAT HE PROBABLY SOLICITED A SAME-SEX POLICE OFFICER FOR SEXUAL ACTIVITY). IN ADDITION, A RULING ON THIS ISSUE IS NEEDED SO THAT THE PLAINTIFF CAN PREPARE HIS CASE, SEE: Pena V. Leombruni, 200, F.3d 1031, 1034-35 (7th CIR. 1999).

1 of 1

## VI.) RELIEF SOUGHT

WHEREFORE, Plaintiff requests that the court grant the following relief:

1) That the court order the Defendants to specify what prior felony conviction or convictions they intent to introduce to the Jury.

2) That the court order the Defendants to provide an explaination for the introduction of such prior conviction,

3) That the court allow the Plaintiff to be heard on the Defendants intentions regarding the introduction of Plaintiffs prior convictions

4) That the court, after Hearing Both parties, rule on the matter of Plaintiffs prior felony convictionss prior to the trial, so as to give Plaintiff time to prepare His case.

5) That the court take any additionsal action that the court deems appropriate and just.

Respectfully Submitted

DATED 1-30-2022

Tony Asberry

P-63853

## DECLARATION

I TONY ASBERRY DO DECLARE UNDER THE PENALTY of PERJURY UNDER THE LAWS of BOTH THE UNITED STATES of AMERICA, AND THE STATE of CALIFORNIA ThAT THE FOREGOING is BOTH TRUE AND CORRECT I FURTHER DECLARE THAT I AM THE PLAINTIFF IN THIS MATTER AND THAT I'M OVER THE AGE of (18) YEARS of AGE.

EXECUTED ON This 30th DAY of JANUARY IN THE YEAR of 2022 IN THE COUNTY of CORCORAN AT C-SATF/S.P. FAC-D-2-109

Respectfully Submitted

Tony Asberry

P-63853

ATTACHMENT C

Inmate's name (print) Tony Asberry
CDC number P-C3853
Housing Unit (Yard, D    Building # 2  )

# PROOF OF SERVICE BY MAIL

I UNDERSIGNED, CERTIFY THAT I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE. THAT I CAUSED TO BE SERVED A COPY OF THE FOLLOWING DOCUMENT: Motion in limine

LEGAL/CONFIDENTIAL MAIL ADDRESSED TO:

U.S. EAST. District court of Calif.
office of the clerk,
2500, Tulare street, room #1501
Fresno Calif. 93721-2201

BY PLACING THE LEGAL/CONFIDENTIAL DOCUMENTS ON AN ENVELOPE, SEALING IT BEFORE A CORRECTIONAL OFFICER, AND LEAVING IT IN THE CUSTODY OF THAT SAME OFFICER AT CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY AND STATE PRISON TO BE MAILED VIA THE UNITED STATES MAIL.

THIS HAS BEEN EXECUTED ON (date) 1-30-2022 AT CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY AND STATE PRISON ON D YARD.

I (Inmate print name & CDC number) Tony Asberry DECLARE UNDER THE PENALTY OF PERJURY UNDER THE LAW OF THE STATE OF CALIFORNIA THAT THE ABOVE STATEMENT IS TRUE AND CORRECT.

SIGNATURE OF INMATE

c/o welch
SIGNATURE OF HOUSING OFFICER

CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY AND STATE PRISON