UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ASBERRY,<br><br>    Plaintiff,<br><br>    v.<br><br>C. RELEVANTE, LOZOVOY, FERRIS, GODFREY,<br><br>    Defendants. | Case No. 1:16-CV-01741-JLT-HBK<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR AN IMPARTIAL EXPERT<br><br>(Doc. No. 229) |

Pending before the Court is Plaintiff's motion requesting the Court to appoint an impartial medical expert filed December 27, 2021. (Doc. No. 229). For the reasons discussed below, Plaintiff's motion is DENIED.

**I.    FACTUAL BACKGROUND**

Plaintiff is a state prisoner proceeding *pro se* on his civil rights complaint alleging an Eighth Amendment medical indifference claim against Defendants Relevante and Lozovoy and an Eighth Amendment conditions of confinement claim and a First Amendment retaliation claim against Defendants Ferris and Godfrey. (Doc. Nos. 1, 17). The gravamen of the complaint stems from Plaintiff's need for and use of a wheelchair.[1]

---

[1] Plaintiff's First Amendment retaliation claim involving Defendants Ferris and Godfrey is irrelevant to the analysis of Plaintiff's motion for an impartial medical expert witness.

Plaintiff asserts that an impartial expert witness is needed to explain the difference between his October 9, 2013, electromyograph ("EMG") and his August 25, 2015, EMG. (Doc. No. 229 at 3); (*see also* Doc. No. 230 at 10). Plaintiff points to Defendants Relevante and Lozovoy's responses to his request for admission where Plaintiff asked both Defendants to admit that his August 25, 2015, EMG indicates Plaintiff's condition deteriorated when compared to his October 9, 2013, EMG. (Doc. No. 229 at 2-4, Exh. A at 3, and Exh. B at 3). Defendants objected to the request on the basis that the question called for an expert opinion. *Id*. Defendants' responses to Plaintiff's request for admission were served on Plaintiff on November 30, 2017. (Doc. No. 229 Exh. A at 9 and Exh. B at 7).

Defendants did not file a response to the instant motion. *See generally* docket. Nevertheless, according to their Pretrial Statement, Defendants Relevante and Lozovoy's state they do not anticipate a need for an impartial expert witness and are not calling an expert witness at trial. (*See generally* Doc. No. 238). Defendants Ferris and Godfrey are in accord. (*See generally* Doc. No. 237).

## II.   APPLICABLE LAW AND ANALYSIS

Federal Rule of Evidence 706 allows a court to appoint an expert witness on the motion of a party. Fed. R. Evid. 706(a). Generally, it is appropriate to appoint an expert witness when it will assist the trier of fact to decide a fact at issue or understand evidence that is scientific, technical, or requires specialized knowledge. *Arellano Jr. v. Hodge*, 2017 WL 2692875, at *1 (S.D. Cal. Jun. 22, 2017) (citations and quotations omitted). "Expert witnesses should not be appointed where they are not necessary or significantly useful for the trier of fact to comprehend a material issue in a case." *Id* (*citing Gorton v. Todd*, 793 F.Supp.2d 1171, 1181 (E.D. Cal. 2011)). "[E]pert witnesses should not be appointed to serve as an advocate for a party." *Id* (citations omitted). Finally, "Rule 706 is not a means to avoid the *in forma pauperis* statute, 28 U.S.C. § 1915, and its prohibition against using public funds to pay the expenses of witnesses in a § 1983 prisoner rights action." *Id* (*citing Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993)).

For Plaintiff to prevail on his Eighth Amendment claim, he must demonstrate that Defendants acted with deliberate indifference to his serious medical needs. *Id* (*citing Estelle v.*

*Gamble*, 429 U.S. 97, 104 (1983)).  The issue in a deliberate medical indifference claim "does not demand that the jury consider complex questions concerning medical diagnosis and judgment." *Id* (citing *Torbert v. Gore*, 2016 WL 3460262, at *2 (S.D. Cal. Jun. 23, 2016)) (quoting *Levi v. Dir. Of Corr.*, 2006 WL 845733, at *1 (E.D. Cal. Mar. 31, 2006)).  "Rather, the jury will need to consider the prison official's subjective knowledge of any risks to Plaintiff's health."  *Id* (citing *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2002)).  "Courts have declined to appoint an expert under such circumstances."  *Id* (citing *Torbert*, 2016 WL 3460262, at *2).  Finally, "the determination of whether Plaintiff's medical needs were sufficiently "serious" to amount to an Eighth Amendment violation may depend on Plaintiff's testimony regarding the extent of his injuries and how his injuries impacted his daily life.  *Id.* (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.")).  "The assistance of an expert witness would be unnecessary under these circumstances."  *Id*.

     Here, Plaintiff argues the trier of fact needs to hear from an impartial expert witness to understand how his condition deteriorated between his two EMGs.  (*See* Doc. No. 229 at 2-4).  The first EMG occurred on October 9, 2013, and the second EMG occurred on August 25, 2015; however, the incidents involving all four Defendants occurred <u>after</u> the second EMG.[2]  (Doc No. 230 at 2-3).  Whether, and to what extent, Plaintiff's medical condition deteriorated from his first EMG, which precedes the events giving rise to Plaintiff's medical indifference claim, is not relevant.  *See Estelle*, 429 U.S. 97; *Toguchi*, 391 F.3d 1051; *Arellano Jr.*, 2017 WL 2692875, *1.  At issue is Defendant's subjective knowledge of any serious medical condition Plaintiff had and

---

[2] The incident involving Defendant Lozovoy occurred on October 22, 2015.  (Doc. No. 230 at 2; 238 at 2).  The incident involving Defendant Relevante occurred on June 8, 2016.  (Doc. No. 230 at 3; 238 at 2).  The incident involving Defendants Godfrey and Ferris occurred on July 6, 2016.  (Doc. No. 230 at 2; 237 at 1-4).

any risks to his health at the time of the events in question. *Id*. As other courts have explained, these are not complex questions, nor do such questions involve the need to explain scientific, technical, or other evidence requiring specialized knowledge. *See Torbert*, 2016 WL 3460262, *1; *Arellano Jr.*, 2017 WL 2692875, *1.

Additionally, Plaintiff indicates he intends to call Dr. Lopez, who Plaintiff reports is the chief medical executive at Kern Valley State Prison. (Doc. Nos. 230 at 8; 228 at 3). To the extent Plaintiff needs to establish his medical condition and the fact that he underwent two EMGs, he can do so on his direct examination of Dr. Lopez. If Plaintiff cannot establish the necessary facts on the direct examination of Dr. Lopez, Defendants indicate their intent to call medical providers who treated Plaintiff as well as the custodians of records for Plaintiff's medical files. (*See* Doc. Nos. 237 at 6-7; 238 at 5-7). Plaintiff could get a proverbial second bite of the apple on cross-examination of Defendants' witnesses to the extent he needs to establish his medical condition and the fact he underwent two EMGs. An impartial expert witness is not needed. *See Estelle*, 429 U.S. 97; *Toguchi*, 391 F.3d 1051; *Torbert*, 2016 WL 3460262, *1; *Arellano Jr.*, 2017 WL 2692875, *1.

Plaintiff's motion relies on Defendants' respective responses to Plaintiff's request for admission. Plaintiff suggests that because Defendants state that the question calls for an expert opinion that an impartial expert witness is appropriate in this case. (Doc. No. 229 at 3-4). Plaintiff further construes Defendants' responses as an agreement that an impartial expert witness is needed. (*Id*.). For the reasons stated s*upra*, an impartial expert witness is not appropriate in this case. *See Estelle*, 429 U.S. 97; *Toguchi*, 391 F.3d 1051; *Torbert*, 2016 WL 3460262, *1; *Arellano Jr*, 2017 WL 2692875, *1. The Court does not construe or interpret Defendants' responses to Plaintiff's request for admissions as an agreement that an impartial expert witness is needed. Instead, Defendants objected to Plaintiff's request. Arguably, Plaintiff seeks appointment of an expert witness not to help the trier of fact better understand complex issues but to advocate that Plaintiff's medical condition deteriorated. As noted, "Rule 706 does not contemplate that expert witnesses be appointed to serve as an advocate for a party." *Arellano*, 2017 WL 2692875 at, *2 (citation omitted). A court is under no obligation to appoint an expert

4

witness to advocate on behalf of a plaintiff.

Also, Plaintiff appears unable to compensate an expert witness given he is proceeding *in forma pauperis* in this case. (Doc. Nos. 2, 4). 28 U.S.C. § 1915 prohibits the use of public funds to pay witness expenses in a § 1983 prisoner civil rights action. *Id.* (citing *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993)). Thus, if the Court did appoint an expert witness on behalf of the Plaintiff, Federal Rule of Evidence 706(c) requires the Court to apportion the cost of Plaintiff's witness to Defendants. "In instances such as this, where the government would be required to bear the cost, the Court must exercise caution. *Arellano*, 2017 WL 2692875 at, *2 (citation omitted). The facts and the legal issues presented in the case *sub judice*, are no more complex than the facts and issues found in the majority of cases involving § 1983 prisoner civil rights actions. Defendants have indicated in their pretrial statements that they oppose an impartial expert witness and they also are not calling an expert witness at trial. (*See generally* Doc. Nos. 237, 238). An impartial expert witness, let alone an expert witness to advocate on behalf of the Plaintiff, is not necessary in this case.

Finally, Plaintiff's request is wholly untimely. Plaintiff's motion relies on objections Defendants raised in their response to Plaintiff's request for admission, which were served on Plaintiff on November 30, 2017. (Doc. No. 229 Exh. A at 9 and Exh. B at 7). Assuming *arguendo* that an impartial expert witness was warranted, Plaintiff had more than adequate time to reach that conclusion and request an appointment in accordance with the Scheduling Order. This case is entering the eve of trial and well past the deadline for dispositive motions. Consequently, in the alternative, Plaintiff's request is denied as untimely.

Accordingly, it is **ORDERED**:

Plaintiff's motion for an impartial expert witness (Doc. NO. 229) is **DENIED**.

Dated:   March 15, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE