UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ASBERRY, | Case No. 1:16-cv-01741-JLT-HBK |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR LAW LIBRARY ACCESS |
| v. | |
| C. RELEVANTE, LOZOVOY, FERRIS, GODFREY, | (Doc. No. 245) |
| Defendant. | |

Pending before the Court is Plaintiff's pleading titled "Plaintiff's Motion for Court Assistance to Gain Access to The Law Library" filed May 2, 2022. (Doc. No. 245). Plaintiff, a current state prisoner, is proceeding *in forma pauperis* on his *pro-se* civil rights complaint under 42 U.S.C. § 1983. This case is scheduled to commence trial on December 5, 2022. (Doc. No. 242).

In the motion *sub judice*, Plaintiff states he submitted a Priority Library User[1] ("PLU") request on April 21, 2022, which was denied on April 26, 2022. (Doc. No. 45 at 3). Plaintiff explains that his request was denied by the librarian because his next court deadline is not

---

[1] Plaintiff's motion uses the acronym PLU and states it stands for "Priority Library User;" however, the California Code of Regulations states PLU stands for "priority legal user." Cal. Code Regs. tit. 15 §§ 3122, 3123 (2022). Thus, the Court interprets PLU as used in Plaintiff's motion to mean priority legal user.

1  scheduled within thirty (30) days of his PLU request.  (*Id*. at 4, 5).  Plaintiff admits he did not file
2  an administrative appeal of the denial of his PLU request because the appeal process is lengthy
3  and will not reach a decision before is next court deadline.  (*Id*. at 5).  Plaintiff argues that
4  denying his PLU request is a violation of his access to the court.  (*Id*.).  A review of the docket
5  indicates the next Court-ordered deadline in Plaintiff's case is not until October 31, 2022, when
6  the filing motions *in limine* are due.  (Doc. No. 242).

7  As a prisoner, Plaintiff has a constitutionally protected right of access to courts guaranteed
8  by the Fourteenth Amendment.  *Bounds v. Smith,* 430 U.S. 817, 821 (1977).  Implicit within this
9  right of access to courts is the prisoner's right to have access to adequate law libraries or legal
10 assistance from trained individuals.  "[T]he fundamental constitutional right of access to the
11 courts requires prison authorities to assist inmates in the preparation and filing of meaningful
12 legal papers by providing prisoners with adequate law libraries *or* adequate assistance from
13 persons trained in the law."  *Id.* at 828 (emphasis added) (footnote omitted).  Precedent "does not
14 dictate a minimum number of hours or any other requirement for satisfying the right of access."
15 *Witkin v. Swarthout*, 2013 WL 6054451, at *2 (E.D. Cal. Nov. 15, 2013).  "[T]he Constitution
16 does not guarantee a prisoner unlimited access to the law library; prison officials of necessity
17 must regulate the time, manner and place in which library facilities are used."  *Harris v. Yates*,
18 2008 U.S. Dist. LEXIS 3829, *4 (N.D. Cal. 2008) (citing *Lindquist v. Idaho State Bd. Of*
19 *Corrections*, 776 F.2d 851, 858 (9th Cir. 1985).  "The fact that a prisoner must wait for a turn to
20 use the library does not necessarily mean that he has been denied meaningful access to the
21 courts."  *Harris*, 2008 U.S. Dist. LEXIS at *4-5 (citing *Lindquist*, 776 F.2d at 858).  Because
22 there is no established minimum requirement for satisfying the access requirement; "a reviewing
23 court should focus on whether the individual plaintiff before it has been denied meaningful
24 access."  *Sands v. Lewis,* 886 F.2d 1166, 1169 (9th Cir.1989) (internal quotations omitted).  The
25 Ninth Circuit has held that for a prisoner to establish that his access to the courts was violated
26 "because of inadequate access to a law library [he] must establish two things: First, he must show
27 that the access was so limited as to be unreasonable.  Second he must show that the inadequate
28 access caused him actual injury, i.e., show a 'specific instance in which [he] was actually denied

access to the courts.'" *Vandelft v. Moses*, 31 F.3d 794, 797 (9th Cir. 1994) (citing *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989).

California law has further codified inmates' library access. All inmates are entitled to physical law library access. Cal. Code Regs. tit. 15 § 3123 (2022). Inmates fall into one of two categories: priority legal user ("PLU") or general legal user ("GLU"). *Id.*; Cal. Code Regs. tit. 15 § 3122 (2022). "Inmates on PLU status may receive 4 hours per calendar week of requested physical law library access as resources are available and shall be given higher priority to the law library resources" whereas inmates on GLU status receive a minimum of two hours per calendar week of requested law library access. Cal. Code Regs. tit. 15 § 3123(b) (2022). "An inmate may receive PLU status within 30 calendar days of his or her established court deadline unless the inmate can demonstrate need for a longer period of PLU status based on extraordinary circumstances beyond the inmate's control." Cal. Code Regs. tit. 15 § 3122(b)(6) (2022).

As noted *supra*, Plaintiff's next Court-ordered deadline is over five months from the date of this Order. While the Court is sympathetic to the difficulties *pro-se* litigants encounter, Plaintiff still has access to his institution's law library under a GLU status, which at a minimum, is only two hours less per calendar week then the minimum access under a PLU status. *See* Cal. Code Regs. tit. 15 §§ 3122, 3123 (2022). Furthermore, Plaintiff does not claim that he is denied all access of the law library. (*See generally* Doc. No. 245). While Plaintiff cites the challenges he has preparing for trial because he is not a lawyer, Plaintiff does not provide evidence of actual harm he will experience if he is not immediately granted PLU status. (*See generally id.*). Plaintiff's institution followed the reasonable guidelines governing law library access set forth in the California Code of Regulations. *See* Cal. Code Regs. tit. 15 §§ 3122, 3123 (2022). At a minimum, Plaintiff can still request PLU status within thirty calendar days of his next Court-ordered deadline. *See* Cal. Code Regs. tit. 15 § 3122(b)(6) (2022); (*see also* Doc. No. 242). Further, this Court does not interject itself into the day-to-day operations of penal institutions. Plaintiff should comply with his institution's procedures for gaining access to the law library. And, when appropriate, Plaintiff should alert staff to his court-ordered deadlines to gain PLU access.

1     Accordingly, it is **ORDERED:**

2     Plaintiff's motion for court assistance to gain access to the law library (Doc. No. 245) is

3 DENIED.

4

5 Dated:   May 10, 2022

6                                         HELENA M. BARCH-KUCHTA
                                          UNITED STATES MAGISTRATE JUDGE