1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  TONY ASBERRY, | Case No.: 1:16-cv-01741-JLT-HBK (PC) |
| 12       Plaintiff, | FINAL PRETRIAL ORDER |
| 13    v. | Deadlines: |
| 14  C. RELEVANTE, LOZOVOY, FERRIS, GODFREY, | Proposed Jury Instructions: **10/17/2022** Objections to Proposed Jury Instructions: **11/14/2022** |
| 15 | |
| 16       Defendants. | Motions *in Limine* Filing: **10/17/2022** Oppositions to Motions *in Limine*: **11/14/2022** |
| 17 | Trial Submissions: **11/21/2022** |
| 18 | Jury trial: **12/5/2022 at 8:30 a.m., 3-4 days** |

19
20

On March 25, 2022, the Court conducted a final pretrial conference in this action. Plaintiff

21

Tony Asberry appeared *pro se* via Zoom; Deputy Attorney General Matthew R. Wilson appeared

22

via Zoom as counsel for Defendants Lozovoy and Relevante; and Derick E. Konz appeared via

23

Zoom as counsel for Defendants Ferris and Godfrey. Having considered the parties' pretrial

24

statements and Plaintiff's objections to the tentative pretrial order, the Court issues this final

25

pretrial order. The Court addresses Plaintiff's objections herein where relevant.

26

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights

27

action brought pursuant to 42 U.S.C. § 1983 against Defendants Lozovoy, Relevante, Ferris, and

28

Godfrey. Plaintiff claims that while he was incarcerated as a state prisoner, Defendants violated

1

his Eighth Amendment rights. Plaintiff also alleges that Defendants Ferris and Godfrey violated his First Amendment rights.

**A.     JURISDICTION/VENUE**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. In addition, the events that gave rise to this action occurred in Delano, California. Accordingly, venue is proper in the United States District Court for the Eastern District of California. *See* 28 U.S.C. § 1391.

**B.     JURY TRIAL**

All parties demanded a trial by jury in this matter. (Docs. 1, 36, 49.) The jury will consist of eight jurors.

**C.     UNDISPUTED FACTS[1]**

1.     Plaintiff Tony Asberry (P-63853) is a California state prisoner.

2.     At the time of the events, Defendants Lozovoy, Relevante, Ferris, and Godfrey were employed by the California Department of Corrections and Rehabilitation ("CDCR").

3.     The events occurred at Kern Valley State Prison in Delano, California.

4.     Plaintiff underwent an electromyogram (EMG) on August 25, 2015.

5.     On April 15, 2015, Plaintiff was placed in CDCR's Disability Placement Program.

6.     On October 22, 2015, Defendant Lozovoy, a nurse practitioner, removed Plaintiff from the Disability Placement Program resulting in Plaintiff no longer having access to a wheelchair.

7.     On June 8, 2016, Plaintiff saw Defendant Relevante, a physician assistant, who determined Plaintiff did not need a wheelchair.

---

[1] Plaintiff objects to the omission of certain facts Plaintiff claims to be undisputed. (Doc. 247 at 6.) Plaintiff requests the Court to add various "undisputed facts" in connection with Defendants Lozovoy's and Relevante's motion for summary judgment. Merely because a party does not dispute a fact for purposes of a motion for summary judgment, does not preclude them from disputing the fact at trial. Undisputed facts are those which both sides agree are not in dispute at trial. To the extent a party doesn't dispute a contention of the other party, it can be included as an undisputed fact. However, one party cannot force another to say a fact is undisputed. In other words, Plaintiff cannot add facts that he claims Defendants don't dispute, and the same applies to Defendants. Accordingly, Plaintiff's objection is **OVERRULED**.

2

8.      On July 6, 2016, Defendants Ferris and Godfrey arrived at Plaintiff's cell to transport him from Kern Valley State Prison to High Desert State Prison.

9.      Plaintiff was in a wheelchair when Defendants Ferris and Godfrey arrived at his cell.

10.     Defendants Ferris and Godfrey took Plaintiff, who was still in his wheelchair, to the transportation vehicle and instructed Plaintiff to get into the vehicle.

11.     Defendants Ferris and Godfrey placed Plaintiff in the transportation vehicle.

12.     Plaintiff was not in a seat during a portion of the ride in the transportation vehicle and was instead on the floor of the transportation vehicle, shackled.

13.     Defendants Ferris and Godfrey did not return to Plaintiff his wheelchair.

**D.     DISPUTED FACTS**

**Plaintiff**

1.  Whether Defendant Lozovoy fabricated his reasons for his October 22, 2015 actions against Plaintiff.

2.  Whether Defendant Lozovoy's October 22, 2015 actions were set up for violence against Plaintiff.

3.  Whether there was a need for multiple CDCR officers to have been involved in what was a medical matter.

4.  Whether the events on October 22, 2015 were already planned out against Plaintiff, including but not limited to the lie for interfering with Plaintiff's prescribed treatment and the use of multiple officers.

**Defendants Lozovoy and Relevante**

1.  Whether Relevante and Lozovoy were deliberately indifferent to a serious medical need of Asberry's when they determined a wheelchair was not medically warranted.

2.  The scope and extent of any alleged injuries suffered by Plaintiff.

3.  Whether Plaintiff suffered any compensable damages.

**Defendants Ferris and Godfrey**

1.  Whether Ofc. Godfrey told Plaintiff before departing KVSP, "since you like to file

3

1    complaints on staff, find a way to get off the floor on your own."

2    2.   Whether Sgt. Ferris told Asberry, "you are in for a bumpy ride."

3    3.   Whether Sgt. Ferris purposely drove the transportation van in a dangerous and unsafe

4        manner from KVSP to the gas station (during the initial one-hour portion of the trip) in

5        an attempt to inflict punishment on Asberry. Asberry contends that Sgt. Asberry drove

6        aggressively over rough roads, potholes, gravel, and railroad tracks, abruptly starting

7        and stopping. Asberry contends that the ride forced his body up and down on the floor,

8        causing back, neck and shoulder pain. Defendants contend that Sgt. Ferris drove in a

9        safe and normal manner, that the ride was not abnormally rough, and that Sgt. Ferris

10       did not alter his driving in an attempt to punish or inflict pain upon Asberry. Another

11       inmate in the van testified that there was nothing abnormal about the ride.

12   4.   Whether Sgt. Ferris ignored repeated pleas from Asberry to stop the van and place him

13       in one of the seats.

14   5.   The nature and extent of Plaintiff's claimed injuries.

15   **E.    DISPUTED LEGAL ISSUES**

16   None listed.

17   **F.    DISPUTED EVIDENTIARY ISSUES/MOTIONS *IN LIMINE***

18       **1.   Evidentiary Issues**

19       **Plaintiff**

20   a.   During Plaintiff's deposition hearing, counsel of record coined the phrase "casual

21       agreement" in reference to how Plaintiff obtained his wheelchair accommodations.

22   b.   That the CDCR California Correctional Health Care Services ("CCHCS") has a policy

23       and procedure in place concerning how Disability Medical Equipment ("DME") is

24       issued to prisoners as well as records and maintenance of those records.

25   c.   That Plaintiff has no control over the issuing or rescinding of DME's, including how

26       DME records are maintained.

27   d.   That during the intervening period of October 22, 2015 through July 6, 2016, KVSP

28       prison officials continued to operate outside the DME policy and procedures set forth

4

in CCHCS DME operational regulations, including but not limited to issuing Plaintiff the documents upon reissuing Plaintiff DME's. Nevertheless, an officer would on occasion bring a wheelchair to Plaintiff and on April 28, 2016, an officer brought Plaintiff a wheelchair. On June 8, 2016, Defendant Relevante took that same wheelchair. Then on June 28, 2016, Plaintiff was taken to KVSP main medical facility and again given a wheelchair. On July 6, 2016, Defendants Ferris and Godfrey took Plaintiff's wheelchair. The point here is that Plaintiff had no control over how KVSP official's decisions on how they operate, nor did Plaintiff have the power to take a DME. However, counsel of record would imply that an officer allowed Plaintiff to use his wheelchair "over the objections of medical staff." Additionally, the "casual agreement" that Plaintiff and the office had somehow turned into Plaintiff keeping the wheelchair, so essentially Plaintiff took the wheelchair. This is what counsel of record intends to present to the jury.

**Defendants Lozovoy and Relevante**

a.  Limits on Plaintiff's ability to testify concerning alleged medical conditions. Defendants reserve the right to assert objections to evidence at trial.

**Defendants Ferris and Godfrey**

a.  In Plaintiff's Pretrial Statement (ECF No. 230 at pp. 17-18), he says that he intends to admit broad categories of exhibits at trial (e.g., the exhibits that he used in support of his motion for summary judgment and all responses to written discovery). Defendants request additional discussion regarding exactly what Plaintiff intends to admit at trial and for what purpose.

b.  Defendants seek to admit Plaintiff's relevant medical records and declarations from his medical providers in lieu of live testimony from these CDCR medical providers. Likewise, Defendants request to admit a sworn declaration from the other inmate in the transportation van in lieu of his live testimony at trial.

**2.  Motions *in Limine***

The purpose of a motion *in limine* is to establish in advance of the trial that certain

evidence should not be offered at trial. "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984); *Jonasson v. Lutheran Child and Family Services*, 115 F. 3d 436, 440 (7th Cir. 1997). The Court will grant a motion *in limine*, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. *Id*. The Court does not encourage the filing of motions *in limine* unless they are addressed to issues that can realistically be resolved by the court prior to trial and without reference to the other evidence which will be introduced by the parties at trial.

**In advance of filing any motion *in limine*, counsel SHALL meet and confer to determine whether they can resolve any disputes and avoid filing motions *in limine*. Along with their motions *in limine*, the parties SHALL file a certification demonstrating counsel have in good faith met and conferred and attempted to resolve the dispute. Failure to provide the certification may result in the Court refusing to entertain the motion.**

Plaintiff has filed one motion *in limine*, listed below. Any additional motions *in limine* the parties intend to file must be filed with the Court no later than **October 17, 2022**. The motion must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial. Any opposition to the motion must be served on the other party and filed with the Court no later than **November 14, 2022**. No replies will be permitted. Upon receipt of any opposition briefs, the Court will notify the parties if it will hear argument on any motions *in limine* prior to the first day of trial. The parties are reminded they may still object to the introduction of evidence during trial.

**Plaintiff**

a.   "Motion in Limine Limiting Prior Felony Convictions for the Sole Purpose of Impeachment of the Issues in This Civil Case."

**G.    SPECIAL FACTUAL INFORMATION**

The requirement of providing "special factual information" pursuant to Local Rule

1  281(b)(6), is not applicable to this action.[2]

2  **H.    RELIEF SOUGHT**

3      Plaintiff seeks compensatory and punitive damages as to each Defendant, as well as an

4  award of costs and medical treatment, including reconstructive surgery.[3]

5      Defendants Lozovoy and Relevante seek judgment in their favor and an award of costs.

6      Defendants Ferris and Godfrey seek judgment in their favor.

7  **I.    POINTS OF LAW**[4]

8      **A.    Liability under Section 1983**

9      Under 42 U.S.C. § 1983, a plaintiff is required to prove that the defendant (1) acted under

10  color of state law and (2) deprived him of rights secured by the Eighth Amendment of the United

11  States Constitution. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). A

12  plaintiff must demonstrate that the defendant personally participated in the deprivation of his

13  rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior*

14  liability under Section 1983, and the defendant is only liable for his own misconduct. *Ashcroft v.*

15  *Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1948-49 (2009); *see also Monell v. Dept. of Social Services*,

16  436 U.S. 658, 691-92 (1978).

17      **B.    First Amendment Retaliation**

18      Under the First Amendment, prison officials may not retaliate against prisoners for

19  engaging in protected conduct, such as initiating litigation or filing administrative grievances.

20  *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005). A plaintiff must prove five basic

21  elements: (1) an assertion that a state actor took some adverse action against an inmate (2)

22

23  [2] Plaintiff asserts he cannot object to this section because he does not have knowledge of Local Rule 281 and is
precluded from accessing the law library. (*See* Doc. 247 at 9.) The Court granted Plaintiff's request for an extension

24  of time to file his objections, which provided Plaintiff nearly two additional months to formulate any objections to
the pretrial order. (Doc. 244.) The Court also provided Plaintiff a copy of Local Rule 281 on November 12, 2021.

25  (Doc. 226-1.) Thus, Plaintiff's request to reserve his right to object is **OVERRULED**.

26  [3] Plaintiff did not include the relief he seeks in his pretrial statement. (*See* Doc. 230.) Plaintiff now argues that he did
not know he was required to include this information. (Doc. 247 at 9.) Thus, the Court has included Plaintiff's prayer
for relief as set forth in his complaint. (Doc. 90 at 13.)

27  [4] Plaintiff makes numerous objections to Defendants' points of law. (*See* Doc. 247 at 10-12.) The pretrial order is not
an avenue for resolving disputes over legal standards. Alternatively, the Court has provided the correct legal

28  standards. Thus, Plaintiff's objections to this section are **OVERRULED**.

because of (3) the inmate's protected conduct, and that the adverse action (4) chilled the inmate's exercise of his First Amendment rights and (5) did not reasonably advance a legitimate penological purpose. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (quoting *Rhodes*, 408 F.3d at 567-68). An adverse action is one that "would chill or silence a person of ordinary firmness from future First Amendment activities." *White v. Lee*, 227 F.3d 1214, 1228 (9th Cir. 2000) (quoting *Mendocino Envtl. Center v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir. 1999)).

### C.   Eighth Amendment

#### 1.   Conditions of Confinement

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment, but also from inhumane conditions of confinement." *Morgan v. Morgensen,* 465 F.3d 1041, 1045 (9th Cir. 2006). "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" *Id.* (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981)). "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . ." *Hudson v. McMillian,* 503 U.S. 1, 8 (1992). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." *Id.* at 9 (citation omitted). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos,* 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . ." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter,* 501 U.S. 294, 298 (1991)). Second, the prison official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety. . ." *Farmer,* 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate

it. *Id.* at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. *Id.* at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Id.* at 835; *Frost,* 152 F.3d at 1128.

### 2.      Deliberate Indifference to Serious Medical Need

Prison officials violate the Eighth Amendment if they are "deliberate [ly] indifferen[t] to [a prisoner's] serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman,* 680 F.3d 1113, 1122 (9th Cir.2012) (quoting *Jett v. Penner,* 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted)).

The existence of a condition or injury that a reasonable doctor would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, and the existence of chronic or substantial pain are indications of a serious medical need. *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir. 2000) (citing *McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)) (quotation marks omitted); *Doty v. County of Lassen,* 37 F.3d 540, 546 n. 3 (9th Cir. 1994).

Deliberate indifference is "a state of mind more blameworthy than negligence" and requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer*, 511 U.S. at 835 (1994) (quoting *Whitley v. Albers,* 475 U.S. 312, 319 (1994)). "Under this standard, the prison official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

In medical cases, this requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Wilhelm*, 680

F.3d at 1122 (quoting *Jett,* 439 F.3d at 1096). More generally, deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal quotation marks omitted). A prisoner need not show his harm was substantial." *Id.*

### D.   Qualified Immunity

Qualified immunity applies when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *White v. Pauly*, 137 S. Ct. 548, 551 (2017). Officers are entitled to qualified immunity under Section 1983 unless (1) the officers violate a federal a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was "clearly established at the time." *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018); *White*, 137 S. Ct. at 551.

"Clearly established" means that the statutory or constitutional question was "beyond debate," such that every reasonable official would understand that what he is doing is unlawful. *See Wesby*, 138 S. Ct. at 589; *Vos v. City of Newport Beach*, 892 F.3d 1024, 1035 (9th Cir. 2018). This is a "demanding standard" that protects "all but the plainly incompetent or those who knowingly violate the law." *Wesb*y, 138 S. Ct. at 589 (citing *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Thus, to be "clearly established," a rule must be dictated by controlling authority or by a robust consensus of cases of persuasive authority. *Wesby*, 138 S. Ct. at 589.

### E.   Punitive Damages

Plaintiff has the burden of proving what, if any, punitive damages should be awarded by a preponderance of the evidence. NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS § 5.5 (2018). The jury must find that Defendants' conduct was "motivated by evil motive or intent, or . . . involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1986); *Larez v. Holcomb*, 16 F.3d 1513, 1518 (9th Cir. 1994).

### F.   Compensatory Damages

Under 42 U.S.C. § 1997e(e), an inmate may not recover compensatory damages for mental or emotional injuries suffered while in custody without a prior showing of physical injury. However, in *Oliver v. Keller,* 289 F.3d 623 (9th Cir. 2002), the Ninth Circuit held that to

1   the extent a plaintiff has actionable claims premised on constitutional violations, his claims are

2   not limited by § 1997e(e). Accordingly, district courts in the Ninth Circuit consistently concluded

3   that if a plaintiff states a constitutional claim, as opposed to one for mental or emotional injuries,

4   the physical injury requirement of § 1997e(e) does not bar the award of compensatory

5   damages. *See e.g., Cockcroft v. Kirkland,* 548 F. Supp. 2d 767, 776-77 (N.D. Cal. 2008) ("§

6   1997e(e) does not apply to claims for compensatory damages not premised on emotional injury . .

7   . [t]he fact that Cockcroft never suffered any physical injury as a result of [defendant] Linfor's

8   alleged acts may make his Eighth Amendment claim of very little financial value but does not

9   make the claim non-existent."); *Low v. Stanton,* WL 234859, *4 (E.D. Cal. Jan. 14,

10  2010) (finding that plaintiff may recover compensatory damages for the violation of

11  his Fourteenth Amendment rights).

### G.      Impeachment by Evidence of Prior Felony Convictions

12          Federal Rule of Evidence 609(a)(1)(A) provides that evidence of a conviction for a crime

13  punishable for more than one year is admissible, subject to Rule 403, in a civil case to attack a

14  witness's character for truthfulness. Fed. R. Evid. 609(a)(1)(A). Additionally, any incarcerated

15  witness who testifies is also subject to impeachment under Rule 609. Evidence of a conviction

16  under this rule is not admissible if a period of more than ten years has elapsed since the date of

17  the conviction or release from confinement from it, which is later. Fed. R. Evid. 609(b).

18          ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY

19  LISTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT

20  BECOMES FINAL ARE DISMISSED AND DEEMED WAIVED.

**J.      ABANDONED ISSUES**

22          None.

**K.      WITNESSES**

24          1.      The following is a list of witnesses that the parties expect to call at trial, including

25  rebuttal and impeachment witnesses. NO WITNESS, OTHER THAN THOSE LISTED IN THIS

26  SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A

27  SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST

11

INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

**Plaintiff**

1. Defendant Lozovoy

2. Defendant Relevante

3. Steve Fama

4. Dr. Lopez

**Defendants Lozovoy and Relevante**

1. Defendant Lozovoy

2. Defendant Relevante

3. Dr. E. Birdsong
   Contact through G. Lopez, Litigation Coordinator
   Salinas Valley State Prison
   31625 Highway 101
   P.O. Box 1020
   Soledad, CA 93960-1020
   (831) 678-5500

4. Dr. J. Sao
   Contact through B. Hancock, Litigation Coordinator
   Kern Valley State Prison
   P.O. Box 6000
   3000 West Cecil Avenue
   Delano, CA 93216
   (661) 721-6300

5. Custodians of records for Plaintiff's central file and medical files

6. Plaintiff Tony Asberry

**Defendants Ferris and Godfrey**

1. Defendant, Sgt. Ferris

2. Defendant, Ofc. Godfrey

3. Plaintiff Asberry

4. CDCR Inmate K16974 (Martinez)

5. Carla Eckelbarger, RN

6. Melissa Withers, RN

7.    Rafael Miranda, PA

2.    **The Court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria**:

    a.    The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

    b.    The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

3.    Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the Court and opposing parties of the existence of the unlisted witnesses so the Court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

    a.    The witness could not reasonably have been discovered prior to the discovery cutoff;

    b.    The Court and opposing parties were promptly notified upon discovery of the witness;

    c.    If time permitted, the party proffered the witness for deposition; and

    d.    If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

4.    Each party may call any witnesses designated by the other.

**L.    EXHIBITS, SCHEDULES, AND SUMMARIES**

The following is a list of documents or other exhibits that the parties expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED BELOW, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

1.    **For a party to use an undisclosed exhibit for any purpose, they must meet the following criteria**:

a.     The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

b.     The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph 2, below.

2.     Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the Court and opposing parties of the existence of such exhibits so that the Court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

a.     The exhibits could not reasonably have been discovered earlier;

b.     The Court and the opposing parties were promptly informed of their existence; and

c.     The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

**Plaintiff**

1.     Defendants' discovery responses

2.     Findings and Recommendations to Deny Defendants' Motion for Summary Judgment (Doc. 157)

3.     Defendants' declarations regarding diagnostic test

4.     Dr. Sao's declarations regarding diagnostic test

5.     [PA] Miranda's examination of Plaintiff's leg

6.     Plaintiff's Opposition to Defendants Lozovoy's and Relevante's Motion for Summary Judgment

**Defendants Lozovoy and Relevante**

1.     Plaintiff's inmate grievance number HC 15036749 and responses from CDCR

2.     Plaintiff's medical records, including but not limited to records regarding examinations by Defendants Lozovoy and Relevante and by Drs. Birdsong and Sao

3.   Plaintiff's abstracts of judgment for the offenses for which he is currently
incarcerated from his central file

**Defendants Ferris and Godfrey**

1.   Declaration of Carla Eckelbarger, RN

2.   July 11, 2016, medical report ("Encounter Form") authored by Carla
Eckelbarger

3.   July 25, 2016, medical report ("Encounter Form") authored by Carla
Eckelbarger

4.   August 1, 2016, medical report ("Encounter Form") authored by Carla
Eckelbarger

5.   Declaration of Rafael Miranda, PA

6.   July 12, 2016, medical report ("Primary Care Provider Progress Note")
authored by Rafael Miranda

7.   Declaration of Melissa Withers, RN

8.   July 6, 2016, medical report ("Initial Health Screening Form) authored by
Melissa Withers

9.   Google map images of transportation route

10.  Declaration of CDCR Inmate K16974 (Martinez)

11.  CDCR records showing that Asberry's status as an intermittent wheelchair
user in the DPP was removed prior to the transport

12.  Asberry's SOMS records showing no documented wheelchair
accommodation as of July 6, 2016.

The parties must exchange exhibits, not previously produced/obtained in discovery, no
later than **October 17, 2022.** No later than **November 14, 2022,** counsel **SHALL** meet and confer
to discuss any disputes related to the above listed exhibits and to pre-mark and examine each
other's exhibits. Any exhibits not previously disclosed in discovery **SHALL** be provided via e-
mail or overnight delivery so that it is received by the above exhibit exchange deadline.

1.   At the exhibit conference, counsel will determine whether there are objections to
the admission of each of the exhibits and will prepare separate indexes; one listing joint exhibits,
one listing Plaintiff's exhibits and one listing Defendant's exhibits. In advance of the conference,

counsel must have a complete set of their proposed exhibits in order to be able to fully discuss whether evidentiary objections exist. Thus, any exhibit not previously provided in discovery **SHALL** be provided at least five court days in advance of the exhibit conference.

2. At the conference, counsel shall identify any duplicate exhibits, i.e., any document which both sides desire to introduce into evidence. These exhibits **SHALL** be marked as a joint exhibit and numbered as directed above. Joint exhibits **SHALL** be admitted into without further foundation.

All joint exhibits will be pre-marked with numbers preceded by the designation "JT" (e.g. JT/1, JT/2, etc.). Plaintiff's exhibits will be pre-marked with numbers beginning with 1 by the designation PX (e.g. PX1, PX2, etc.). Defendant's exhibits will be pre-marked with numbers beginning with 501 preceded by the designation DX (e.g. DX501, DX502, etc.). The parties SHALL number each page of any exhibit exceeding one page in length (e.g. PX1-1, PX1-2, PX1-3, etc.).

If originals of exhibits are unavailable, the parties may substitute legible copies. If any document is offered that is not fully legible, the Court may exclude it from evidence.

Each joint exhibit binder shall contain an index which is placed in the binder before the exhibits. The index shall consist of a column for the exhibit number, one for a description of the exhibit and one column entitled "Admitted in Evidence" (as shown in the example below).

### INDEX OF JOINT EXHIBITS

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE |
|----------|-------------|----------------------|
|          |             |                      |

3. As to any exhibit which is not a joint exhibit but to which there is no objection to its introduction, the exhibit will likewise be appropriately marked, i.e., as PX1, or as DX501 and will be indexed as such on the index of the offering party. Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

4. Each exhibit binder shall contain an index which is placed in the binder before the exhibits. Each index shall consist of the exhibit number, the description of the exhibit and the

16

three columns as shown in the example below.

**INDEX OF EXHIBITS**

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OBJECTION OTHER |
|---|---|---|---|---|
| | | | | |

     5.       On the index, as to exhibits to which the only objection is a lack of foundation, counsel will place a mark under the column heading entitled "Objection Foundation."

     6.       On the index, as to exhibits to which there are objections to admissibility that are not based solely on a lack of foundation, counsel will place a mark under the column heading entitled "Other Objections."

     7.       As to each exhibit which is not objected to in the index, it shall be marked and received into evidence and will require no further foundation.

After the exhibit conference, Plaintiff and counsel for the defendants **SHALL** develop four complete, legible sets of exhibits. The parties **SHALL** deliver three sets of their exhibit binders to the Courtroom Clerk and provide one set to their opponent, no later than 4:00 p.m. on **November 28, 2022**. Counsel **SHALL** determine which of them will also provide three sets of the joint exhibits to the Courtroom Clerk.

     8.       The Parties **SHALL** number each page of any exhibit exceeding one page in length.

**M.   POST-TRIAL EXHIBIT RETENTION**

Counsel who introduced exhibits at trial **SHALL** retrieve the original exhibits from the Courtroom Deputy following the verdict in the case. The parties' counsel **SHALL** retain possession of and keep safe all exhibits until final judgment and all appeals are exhausted.

**N.   DISCOVERY DOCUMENTS[5]**

The following is a list of discovery documents – portions of depositions, answers to

---

[5] The parties **SHALL** identify to their opponent the specific documents they intend to use at trial. Vaguely identifying documents as "discovery responses" or "responses to interrogatories," is insufficient **unless** the documents will be used **only** for impeachment.

interrogatories, and responses to requests for admissions – that the parties expect to offer at trial. NO DISCOVERY DOCUMENT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(12).

**Plaintiff**

1.   Discovery responses, including, but not limited to admissions interrogatories, production, and inspection requests as well as other CDCR records that Plaintiff was able to obtain without discovery

2.   Defendants' sworn statement to this Court, including their answers to Plaintiff's complaint and their Motion for Summary Judgment

3.   Plaintiff's exhibits used in Plaintiff's Motion for Summary Judgment

4.   CDCR 602 appeals, including log numbers KVSP-0-15-03196, KVSP-0-016-00475, KVSP-0-16-00626, and KVSP-0-16-00097

**Defendants Lozovoy and Relevante**

1.   Plaintiff's deposition

**Defendants Ferris and Godfrey**

1.   Responses to interrogatories and requests for admission, and deposition testimony for impeachment purposes

## O.   FURTHER DISCOVERY OR MOTIONS

Defendants state that no further discovery is necessary. Defendants did not indicate an intent to file any motions *in limine*. Defendants Ferris and Godfrey state they intend to move for judgment as a matter of law under Federal Rule of Civil Procedure Rule 50 at trial. Rule 50 permits parties to make this motion at the close of Plaintiff's case in chief and before the case is submitted to the jury. **Law and Motion and Discovery are closed in this case.** Moreover, there is no indication in Plaintiff's pretrial statement that he needs further discovery or that he intends to file any additional motions.[6]

---

[6] Plaintiff asserts he planned to raise discovery issues at the pretrial conference. (*See* Doc. 247 at 2-5.) Plaintiff is reminded that the discovery deadline in this matter was April 18, 2018. (Doc. 53.). Moreover, on November 12, 2021, the magistrate judge ordered the parties to submit amended pretrial statements containing "the information set

1  **P.      STIPULATIONS**

2         None.

3  **Q.      AMENDMENTS/DISMISSALS**

4         None.

5  **R.      SETTLEMENT NEGOTIATIONS**

6         The parties participated in settlement conferences on January 18, 2019 and July 26, 2021

7  but were unable to resolve the case.

8  **S.      AGREED STATEMENT**

9         The Court has drafted the following neutral statement of the case to be read to the

10  prospective jurors:

11              Plaintiff claims that while he was incarcerated as a state prisoner,
               Defendants Lozovoy, Relevante, Godfrey and Ferris acted with
12              deliberate indifference to his serious medical need by stopping him
               from using a wheelchair. Plaintiff also claims that Defendants
13              Godfrey and Ferris retaliated against him for filing grievances
               against prison staff by driving a vehicle, in which Plaintiff was a
14              passenger, in a dangerous and unsafe manner. The defendants deny
               these claims.

15

16  **T.      SEPARATE TRIAL OF ISSUES**

17         The Court will bifurcate the issue of the amount of punitive damages, if necessary. If the

18  jury awards punitive damages in the first phase of the trial, the trial will proceed to a second

19  phase which will consist of any evidence and argument with respect to the appropriate amount of

20  punitive damages. The parties may not present evidence related to the amount of punitive

21  damages until the second phase of the trial.

22  **U.      APPOINTMENT OF IMPARTIAL EXPERTS**

23         The Court has previously denied Plaintiff request for an impartial expert.

24  **V.      ATTORNEY'S FEES**

25  _____

26  forth in Local Rule 281(b)." (Doc. 226 at 2.) This includes Rule 12(b)(13), which requires the parties to make any
   requests for further discovery or pretrial motions. The magistrate judge also included a courtesy copy of Local Rule
27  281. (Doc. 226-1.) Plaintiff then submitted an amended pretrial statement on December 27, 2021, "pursuant to [Doc.
   226] and Local Rule #281." (Doc. 230 at 1.) The time for Plaintiff to raise issues regarding further discovery was in
   his pretrial statement and, even still, this was not an opportunity to raise discovery disputes. That deadline passed in
28  2018. Therefore, Plaintiff's requests for Court assistance in resolving his discovery issues are **OVERRULED**.

1    Plaintiff, who is proceeding *pro se*, is not entitled to attorney's fees. *Kay v. Ehrler*, 499

2  U.S. 432, 435 (1991).

3    Defendants Lozovoy and Relevante will seek an award of attorney's fees as appropriate as

4  a post-trial motion. The pretrial statement of the remaining defendants was silent on this topic.

5  **W.    HANDLING OF TRIAL EXHIBITS**

6    If Defendants are required to disclose information concerning his financial status, they

7  will request that the Court issue a protective order concerning this information, under Local Rule

8  141.1(b)(2).

9    Pursuant to the Court's policy, at the end of the trial, the Court will return all exhibits to

10  their proffers to be retained during the pendency of any appeals.

11  **X.    TRIAL DATE/ESTIMATED LENGTH OF TRIAL**

12    Jury trial is set for **December 5, 2022**, at 8:30 a.m. before the Honorable Jennifer L.

13  Thurston at the Robert E. Coyle United States Courthouse, 2500 Tulare Street, Fresno, California.

14  Trial is expected to last 3-4 days.

15    The Court directs the parties to Judge Thurston's standing order for the undersigned

16  available on the Eastern District of California's website. This standing order may change before

17  trial, and the parties should review the website prior to trial.

18  **Y.    TRIAL PREPARATION AND SUBMISSIONS**

19    **1.    Trial Briefs**

20    The parties are relieved of their obligation under Local Rule 285 to file trial briefs. If any

21  party wishes to file a trial brief, they must do so in accordance with Local Rule 285 and be filed

22  no later than **November 21, 2022**.

23    **2.    Jury Voir Dire**

24    The parties are required to file their proposed voir dire questions, in accordance with

25  Local Rule 162.1, no later than **November 21, 2022**.

26    **3.    Jury Instructions & Verdict Form**

27    Defendants **SHALL** file proposed jury instructions as provided in Local Rule 163 no later

28

than **October 17, 2022**[7]. At the same time, the defense **SHALL** lodge via e-mail a copy of the joint jury instructions and joint verdict form, in Word format, to JLTOrders@caed.uscourts.gov. If Plaintiff wishes to file proposed jury instructions or object to those proposed by Defendants, he must do so no later than **November 14, 2022**.

   **In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury Instructions or California's CACI instructions to the extent possible**. All jury instructions and verdict forms shall indicate the party submitting the instruction or verdict form (i.e., joint, plaintiff's, defendants', etc.), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the **complete** text of the instruction, and the legal authority supporting the instruction. Each instruction **SHALL** be numbered.

**Z.**  **MISCELLANEOUS MATTERS**

  None.

**AA.** **COMPLIANCE**

  Strict compliance with this order and its requirements is mandatory. All parties and their counsel are subject to sanctions, including dismissal or entry of default, for failure to fully comply with this order and its requirements.

IT IS SO ORDERED.

 Dated:  **June 28, 2022**

            UNITED STATES DISTRICT JUDGE

---

[7] The defense SHALL provide their pretrial documents so that they are received by the deadline set.