UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ASBERRY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. RELEVANTE, LOZOVOY, FERRIS, GODFREY,<br><br>　　　　　Defendant. | Case No.  1:16-cv-01741-JLT-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LAW LIBRARY ACCESS<br><br>(Doc. No. 276) |

Pending before the Court is Plaintiff's pleading titled "Motion to Modify (Doc. No. 275) and Motion for Both Assistance to Gaining Access to Law Library and a Continuous" filed on November 30, 2022.  (Doc. No. 276).  Plaintiff, a current state prisoner, is proceeding *in forma pauperis* on his pro-se civil rights complaint under 42 U.S.C. § 1983.  This case is scheduled to commence trial on April 3, 2023.  (Doc. No. 264).  Notably, the District Court ruled on Plaintiff's motion requesting an extension of time to modify the time to file opposition to Defendant's motions in limine (*see* Doc. No. 279), therefore, the only issue that remains is Plaintiff's access to the law library.

Plaintiff states he became a Priority Library User[1] ("PLU") on September 30, 2022.  (Doc.

---

[1] Plaintiff's motion uses the acronym PLU stating it stands for "Priority Library User."  The California Code of Regulations states PLU stands for "priority legal user." Cal. Code Regs. tit. 15 §§ 3122, 3123 (2022).  Thus, the Court interprets PLU as used in Plaintiff's motion to mean priority legal user.

1    No. 276 at 1-2). However, despite having PLU status, Plaintiff claims he has had challenges
2    accessing the library due to changes in his classification status. (*Id*. at 2). More specifically,
3    Plaintiff complains that, although he has been afforded access to the law library twice, due to his
4    "AD-SEG" classification he has not been provided with the full number of hours to which he is
5    entitled and, when given access, he is in full restraints. (*Id*.). Liberally construed, Plaintiff
6    requests a court order granting him greater law library access and/or a change to his classification
7    status. (See generally *id*.).

8    As a prisoner, Plaintiff has a constitutionally protected right of access to courts guaranteed by
9    the Fourteenth Amendment. *Bounds v. Smith,* 430 U.S. 817, 821 (1977). Implicit within this right of
10   access to the courts is the prisoner's right to have access to adequate law libraries or legal assistance
11   from trained individuals. "[T]he fundamental constitutional right of access to the courts requires
12   prison authorities to assist inmates in the preparation and filing of meaningful legal papers by
13   providing prisoners with adequate law libraries *or* adequate assistance from persons trained in the
14   law." *Id.* at 828 (emphasis added) (footnote omitted). Precedent "does not dictate a minimum number
15   of hours or any other requirement for satisfying the right of access." *Witkin v. Swarthout*, 2013 WL
16   6054451, at *2 (E.D. Cal. Nov. 15, 2013). "[T]he Constitution does not guarantee a prisoner
17   unlimited access to the law library; prison officials of necessity must regulate the time, manner and
18   place in which library facilities are used." *Harris v. Yates*, 2008 U.S. Dist. LEXIS 3829, *4 (N.D. Cal.
19   2008) (citing *Lindquist v. Idaho State Bd. Of Corrections*, 776 F.2d 851, 858 (9th Cir. 1985). "The
20   fact that a prisoner must wait for a turn to use the library does not necessarily mean that he has been
21   denied meaningful access to the courts." *Harris*, 2008 U.S. Dist. LEXIS at *4-5 (citing *Lindquist*,
22   776 F.2d at 858). Because there is no established minimum requirement for satisfying the access
23   requirement; "a reviewing court should focus on whether the individual plaintiff before it has been
24   denied meaningful access." *Sands v. Lewis,* 886 F.2d 1166, 1169 (9th Cir.1989) (internal quotations
25   omitted). The Ninth Circuit has held that for a prisoner to establish that his access to the courts was
26   violated "because of inadequate access to a law library [he] must establish two things: First, he must
27   show that the access was so limited as to be unreasonable. Second, he must show that the inadequate
28   access caused him actual injury, i.e., show a 'specific instance in which [he] was actually denied

access to the courts.'" *Vandelft v. Moses*, 31 F.3d 794, 797 (9th Cir. 1994) (citing *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989).

Plaintiff's criticism that he is not receiving the correct hours of library access to which he is entitled by his PLU status is not pertinent because the Constitution requires only that Plaintiff have reasonable access to the law library.  And while Plaintiff's physical restraints may restrict his physical movement, there are no facts alleged to establish Plaintiff's access to the law library is unreasonable.  To the contrary, Plaintiff admits he accessed the law library twice prior to filing the instant motion. (*See* Doc. No. 276 at 2).  Nor does Plaintiff allege an actual injury.  To the extent Plaintiff argues he did not have sufficient time to oppose Defendants' motions in limine, the Court granted him an extension to file his opposition to the motions, making such an argument moot.  Moreover, Plaintiff current filings cite to caselaw further demonstrating his reasonable access to the law library and access to the courts.  *See* Doc. Nos. 276, 278.

As regards Plaintiff's classification status, precedent dictates prisoners have no constitutional right to a particular classification status, even if the classification status results in a loss of privileges.  *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (expressly rejecting claim that prisoner classification and rehabilitative programs invoked due process protections); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) (agreeing inmate had no constitutional right to particular classification status and finding no independent right under state law).  Plaintiff's classification level lies within the purview of the prison administrator's expertise and the Court will defer to their decision.  *McKune v. Lile*, 536 U.S. 24, 39 (2002) (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976)); *see also Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998).

Accordingly, it is **ORDERED:**

Plaintiff's motion for law library access (Doc. No. 276) is DENIED.

Dated:     December 7, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3