Tony Asberry
P-63853 FAC-D-2-111
P.O. Box, 5104
(KVSP)
Delano Calif. 93216

FILED
DEC 14 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tony Asberry<br><br>v.<br><br>C. Relevante, et al | 1:16-CV-01741-JLT-HBK<br><br>Plaintiff's Motion In Opposition To Defendants Ferris and Godfrey's Motion In Limine No. 1 To Exclude Evidence |

### (I) Introduction

Plaintiff is a state prisoner proceeding in pro. se with this civil law suit brought under 42 U.S.C. Section 1983. This case is currently re-scheduled for jury trial on 4-3-2023. Although the trial date has been continued, there are no mentioned modifications for the scheduled pre-trial hearings. However, defendants are seeking modifications that the Plaintiff does not oppose. In addition, Defendants Ferris and Godfrey have filed a motion, "In Limine No. 1 To Exclude Evidence".

### (II) Discussion

Defendants motion in limine has multiple issues that they've mixed together that Plaintiff will respond to seperately, beginning with the Defendants request

1 of 5

to exclude what Defendants have mischaracterized as "Personnel Files." NOTE: A police investigation into allegation of criminal conduct that subsequently leads to an arrest of a Defendant and charges being filed, can not be considered Personnel Files. This is essentially what the Defendants argument amounts to. The Plaintiff has to file an appeal, a CDCR 602 alleging violation of his rights, and an investigation into Plaintiff's allegations will ensue. The findings that lead to an admission of wrong doing are not Personnel records. The findings, and their admissions, are evidence of guilt for the case they are on trial for. SEE: ARMSTRONG V. NEWSOME, 94-CV-02307 CW U.S. Dist. (N.D. Cal. 3-11-21) at Page #12 Honorable Claudia Wilken, "Pursuant to Penal Code Sect. 6133(a), the OIG.... investigations and staff grievance inquires conducted by the CDCR.... are admissible under the Public Records Hearsay Exception, Fed. R. EVID. 803(8), JOHNSON V. CITY OF PLEASANTON, 982 F.2d 350, 352 (9th Cir. 1992)(-Holding in pertinent part that, "A trial court may presume that public records are authentic and trustworthy. SEE: Also ESTATE of GONZALES V. HICKMAN, No. 05-660 MMM (RCX), 2007) (Holding that OIG report was admissible under Rule 803(8) Because the report contained factual findings and conclusions resulting from an investigation made by the OIG pursuant to its authority granted by law......

(III) ARGUMENT POINT-A

NOTE: Defendants do not list the appeal log No# or Date that they are referring to as being "Personnel records". Presumably the Defendants are referring to Plaintiff's appeal log No#

1. KVSP-0-16-02250, Plaintiff followed the available remedies
2. to address the defendants misconduct that is the basis for
3. this trial, Plaintiff followed CCR. 15. Section 3084, and
4. the (PLRA) Defendants argument that the factual findings
5. and conclusions resulting from a subsequent investi-
6. -gation by the CDCR pursuant to its own authority
7. granted by law, is some how personnel records and that
8. rules 403, 402, and or 401 of Fed. R. Evid. supports their
9. position. Defendants do not explain why they can not them-
10. -selves express to the jury their version of the facts in
11. this case. Instead they point to the Plaintiff as if the
12. Plaintiff is the Defendant in this case. Put another way
13. had the results of the investigation into Plaintiffs allegat-
14. -ion found that the Defendants had not violated any
15. law, policy, or procedure the Defendants would no doubt
16. be more then willing to introduce the report to the jury
17. Defendants request to exclude evidence obtained pursuant
18. to an investigation into allegation of misconduct that
19. is the basis of this case should be denied

20.
   (IV). ARGUMENT - POINT - B
21.
22. Defendants alleges that Plaintiff will attempt to question
23. witnesses about "other personnel records and past dis-
    -ciplinary matters." Defendants do not explain why they
24. believe the same. or specifically what their objections
25. are. Moreover, this court in its previous order (Doc.
26. No. 248) provided Defendants an opportunity to

1. resolve such matters pursuant to its instructions to meet
2. and confer." Plaintiff is not clear as to precisely what it is
3. that Defendants are objecting to. NOTE: Had the Defend-
4. -ants complied with the courts orders. Defendants
5. could have explained exactly what their objections
6. are and what they consider other personnel records.
7. Plaintiff does not know what the Defendants consider
8. personnel records or past disciplinary matters as such,
9. Plaintiff can not be certain until he's able to speak to the
10. Defendants. Plaintiff does believe that there is potential
11. for agreement. NOTE: On 11-28-2022, Defendants did
12. arrange for a phone conversation and there were
13. some agreements made unfortunately time (again)
14. ran out. Plaintiff did explain to Defendants that
15. Plaintiff has a tablet and that if Defendants were
16. to download the app. and become my contact,
17. the parties could continue the efforts, and both
18. attorney's agreed to do so. NOTE: Tablet that Plaintiff
19. has does not have "case law". It does have "CA Deering's
20. California Codes Annotated - Index".

21. Plaintiff will file a supplemental regarding Plaintiff's
22. position on the remaining issues raised in Defend-
23. -ants motion In Limine No. 1 to exclude evidence
24. Plaintiff needs to use the law library computor.
25.
26.

Plaintiff is addressing the issue that Defendants raised on page two of their motion under "II. - ARGUMENT. EVIDENCE FROM THE DEFENDANTS' PERSONNEL FILE IS INADMISSIBLE" at lines (20) through (28). Evidence relevant to pending charges are not personnel files for the purpose of escaping justice, the Defendants efforts here are obvious and the court should DENY the Defendants motion to exclude evidence relevant to the claims against the Defendants pending in this court.

Respectfully Submitted

_Tony Asberry_

P-63853

DATED: 12-8-2022

# EXHIBIT COVER PAGE 

Description if this exhibit: Plaintiff's Declaration in support of Motion in opposition to Defendants Ferris & Godfrey's Motion in limine to Exclude Evidence No. 1

Number of Pages to this exhibit: __2__ Pages.

**JURISDICTION:** (Check One Only)

☐ MUNICIPAL COURT
☐ SUPERIOR COURT
☐ APPELATE COURT
☐ STATE SUPREME COURT
☒ UNITED STATES DISCTRICT COURT
☐ STATE CIRCUIT COURT
☐ UNITED STATES SUPREME COURT
☐ GRAND JURY

1 TONY ASBERRY
2 P-63853 FAC-D-2-111
3 P.O. BOX. 5104
4 (KVSP)
5 DELANO CALIF. 93216

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| TONY ASBERRY | CASE # 1:16-CV-01741-JLT-HBK |
| --- | --- |
| V. | Plaintiffs Declaration In Support of Opposition To Defendants Motion In limine No. 1 To Exclude Evidence |
| C. RELEVANTE, ET AL. | |

TONY ASBERRY DECLARES AS FOLLOWS:

1) THAT I AM THE PLAINTIFF IN THIS CASE.

2) THAT I FILED A CDCR 602 APPEAL ON THE ACTIONS OF DEFENDANTS FERRIS AND GODFREY THAT OCCURRED ON 7-6-2016 DURING THEIR DUTIES TO TRANSPORT ME FROM (KVSP) TO (HDSP),

3) THAT PURSUANT TO MY CDCR 602 APPEAL, SUBSEQUENTLY AN INVESTIGATION ENSUED. THAT IS THE BASIS OF MY CLAIMS AGAINST THE DEFENDANTS

1 of 2

4.) That I recieved a response to my CDCR 602 appeal into my allegations against Defenedants Godfrey and Ferris' actions of 7-6-2016, and that those same findings speak for themselves.

5.) That the Defendants motion to exclude evidence is the same investigative results that the jury need to consider in this case.

Pursuant to 28 U.S.C. section 1746 I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 8th day of December in the year of 2022 in the county of Kern at the location of (KVSP)

Respectfully Submitted

/s/
Toxey Asberry

P-63853

2 of 2