Tony Asberry
P-63853 FAC-D-2-111
P.O. Box, 5104
(KVSP)
Delano Calif. 93216

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tony Asberry | Plaintiff's Opposition to Defendants Lozovoy and Relevante's Motions In Limine. |
| V. | |
| C. Relevante, et al., | CASE. NO. 1:16-CV-01741-JLT-HBK |

Introduction

Plaintiff is a state prisoner proceeding In Pro. Se with this civil rights action brought under 42 U.S.C. Section 1983. This case is currently set for trial against Defendants Lozovoy and Relevante on Plaintiff's Eighth Amendment Deliberate In-Difference claims. Defendants have filed "motions" In limine for the purpose of preemptively limiting the following evidence at trial: (1) "Evidence or testimony regarding Defendants involvement in other lawsuits, claims, or incidents alleging misconduct." (2) Evidence of offers to compromise. (3) Evidence that the state may pay the judgment or reimburse Defendants in the event a judgment is rendered against them. (4) Plaintiff's-

1 of 6

opinions or inferences about his medical condition and the nature or extent of alleged injuries; and the need for past or future health care or accommodations; and (5) the introduction into evidence of previous orders and findings and recommendations of this court.

## Plaintiff's Argument in Opposition to Defendants Request to Preemptively Limit Evidence

(1).
Defendants are seeking to prevent Plaintiff from eliciting testimony about any of their past misconduct. They argue that such evidence or testimony would lead to the "danger of unfair prejudice" etc.... However, on the other hand, the Defendants in their proposed jury instructions at numbers (16 and 17) the Defendants are seeking to introduce Plaintiff's past bad acts. Plaintiff will concede to the fact that he has a prior conviction. However, it's difficult to reconcile the Defendants conflicting positions. Further, the Plaintiff is the victim in this case. Plaintiff understands the Defendants argument to the extent that this case is about their actions on the dates in question, and not about their past misconduct. However, the Defendants failure to explain their reasons for the clear double standard should be clarified as to why Defendants past conduct is to be kept from jury and Plaintiff's past conduct should be presented to the jury. Accordingly, the court should deny the Defendants motion no# (1)

(2).
Plaintiff has agreed with counsel of record Mr. Wilson to

1 NOT MENTION, DISCUSS OR OTHERWISE TALK TO THE JURY ABOUT
2 ANY SETTLEMENT TALKS. AS SUCH, PLAINTIFF DOES NOT OPPOSE
3 NUMBER (2) OF DEFENDANTS MOTIONS IN LIMINE
4 (3).
5 AS TO DEFENDANTS PREEMPTIVED NUMBER (3). PLAINTIFF
6 HAS PROPOSED TO MR. WILSON THAT NEITHER PARTY SHOULD
7 IMPOSE ON THE JURY THEIR PARTIES POSITION REGARDING
8 THE AMOUNT OF RELIEF THE JURY SHOULD OR SHOULD NOT
9 AWARD THE PLAINTIFF IN THE EVENT PLAINTIFF WINS HIS CASE.
10 PLAINTIFF BELIEVES THAT THE JURY SHOULD BE FREE TO
11 DO THEIR DUTIES AS THEY SEE FIT. IF THE DEFENDANTS
12 BELIEVE AT THE END OF THE JURY TRIAL AN AMOUNT IS
13 EXCESSIVE THEY CAN MAKE THEIR POSITION KNOWN AT
14 THAT TIME. FURTHERMORE, THIS COURT CAN ADDRESS ANY
15 ISSUE WITH THE OUTCOME OF THE TRIAL. PLAINTIFF WILL NOT
16 TELL THE JURY THAT THIS CASE INCLUDES A CLAIM AGAINST
17 THE STATE OF CALIF., OR CDCR.
18 (4).
19 AS TO DEFENDANTS PREEMPTIVED NUMBER (4) PLAINTIFF OPPOSES (4)
20 DUE TO THE DEFENDANTS DEFENSE WHICH IS THAT "PLAINTIFF HAD
21 NO MEDICAL NEED" FOR HIS "DOCTOR" PRESCRIBED WHEELCHAIR ACCOM-
22 -MODATION, NOR DID PLAINTIFF NEED BE PLACED IN THE (DPPV) DIS-
23 -ABILITY PLACEMENT PROGRAM VERIFICATION" DEFENDANTS APPEAR
24 TO BE SUBSTITUTING A MEDICAL DOCTORS OPINION WITH PLAINTIFF'S
25 OPINION. PLAINTIFF'S X-RAYS, MRI'S AND EMG/NCS. ARE NOT PLAINT-
    -IFF'S OPINION. FURTHERMORE. DEFENDANT LOZOVOY AT THE REL-
    -EVANT TIMES HELD THE TITLE OF (N.P.) NURSE PRACTITIONER IN ADD-
26

-itional. Defendant Lozovoy who is less qualified took away Plaint-iff's doctor prescribed treatment without the benefit of an evaluation of the Plaintiff. In addition, Defendant Lozovoy admitted the same. As if that was not enough, Defendant Lozovoy offered an explainations for his actions. That included having recieved multiple reports from (KVSP) officials both nursing and custody officials having observed Plaintiff walking. However, Defendant Lozovoy's explain-ation was in fact a fabrication. This is how Plaintiff was removed from the (DPPV) and had his wheelchair accommodations taken away. Furthermore, it's not in dispute that (1) Kim is a medical doctor, (2) Kim performed a complete medical evaluation, (See: CDCR 1845 signed by Dr. Kim) and (3) Prior to seeing Dr. Kim Plaintiff had underwent X-rays, MRI's and these test results are in Plaintiff's medical file. Dr. Kim reviewed these test results, Plaintiff's conversations with his treating physician's were discussed with Defendants counsel of record. During Plaintiff's deposition hearing. Defendant Lozovoy exercised no medical judgment at all, nor did Defendant relevante,

<u>Plaintiff's legal argument in support of Plaintiff's opposition to Defendants motions in limine</u>

Federal rules of evidence rule 602 states that "a witness may testify to a matter only if evidence is introduced

sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness own testimony." SEE: Stevenson v. Holland, 504 F. Supp. 3d 1107 U.S. Dist. Court for East. Dist of Calif DECIDED ON DEC. 1, 2020 CASE NO. 1:16-CV-1831-AWI-JLT

HN2 EVID. > lay witnesses, opinion testimony helpfulness

"Under Fed. R. Evid. 701, a lay person may offer testimony in the form of an opinion if it is: (a) rationally based on the witness perception; (b) helpful to clearly understanding the witness testimony or to determining a fact in issue; and (c) (in pertinent part) The Ninth Cir. has stated that, explaining medical diagnoses is beyond the competence of a lay person. But lay witnesses can testify as to percieved symptoms (i.e. what is felt, exhibited, or experienced over time) and how a condition affects one's ability to function. SEE: Ochoa v. City of Kern, 2022 Dist. Lexis 166835, Plaintiff does not know precisely what it is that Defendants are seeking to exclude from a jury. Note: every medical appointment that Plaintiff had has been scheduled by the Defendants co-workers and associates, and have been the The Defendants hired medical staff members. All test that Plaintiff have came from the Defendants co-workers and associates including X-rays, MRI's and EMG/NCS. The Defendants have access to any documents that Plaintiff has. Plaintiff should be allowed

5 of 6

to testify regarding his symptoms and test results that speak for themselves including X-rays, MRI's, and EMG/-NCS.

## Conclusion

The court should DENY Defendants Motions In limine. At numbers (1)(2)(3)(4) As For: Number (5) Plaintiff has provided Defendants a list of Plaintiffs exhibits (PX-1 through PX-41) and Plaintiff does not have any exhibit that contains "orders and findings and recommendations of the court, as such, there is no issue at number (5). In addition, Plaintiff did have a meet and confer with Mr. Wilson and newly appointed Ashley Riser, that ended with an understanding and agreement of counsel connecting to the Prisoner Electronic Tablet System, so that the parties could communicate unfortunately that has not occurred (not due to Plaintiff) Plaintiff was again ordered to end the meeting prematurely. As such, other issues remained unresolved Moreover Defendants Lozovoy and Relevante's Motions In limine were Filed Prior to the 11-28-2022 meeting. Defendants Motions In limine should Be DENIED.

Respectfully submitted

12-8-2022

Tony Asberry
P-63855

U.S. DIST COURT, EAST. DIST. OF CALIF. (FRESNO DIV.)
CASE NO. 1:16-CV-01741-JLT-HBK

# EXHIBIT COVER PAGE  A


EXHIBIT

Description if this exhibit: PLAINTIFF'S DECLARATION IN SUPPORT of OPPOSITION TO DEFENDANTS, LOZOVOY AND RELEVANTE'S MOTIONS IN LIMINE

Number of Pages to this exhibit: (2) Pages.

JURISDICTION: (Check One Only)

☐ MUNICIPAL COURT
☐ SUPERIOR COURT
☐ APPELATE COURT
☐ STATE SUPREME COURT
☒ UNITED STATES DISCTRICT COURT
☐ STATE CIRCUIT COURT
☐ UNITED STATES SUPREME COURT
☐ GRAND JURY

1  Tony Asberry
2  P-63853 FAC-D-2-111
3  P.O. Box. 5104
4  (KVSP)
5  Delano Calif. 93216

IN THE UNITED STATES DISTRICT COURT,
FOR THE EASTERN DISTRICT OF CALIFORNIA

| TONY ASBERRY | CASE NO. 1:16-CV-01741-JLT-HBK |
|---|---|
| V. | Plaintiff's Declaration In Support of Opposition To Defendants Lozovoy AND Relevante's Motions in Limine |
| C. Relevante. et al., | |

Tony Asberry Declares As Follows:

1) I am the Plaintiff in this case.

2) That I am not an attorney, and that I'm acting in Pro. Se.

3) Defendants Lozovoy and Relevante's have filed motions in limine to "preemptively limit evidence" including at No. (1) "Preventing Plaintiff from eliciting testimony about any of their past misconduct.

4) I am the victim in this case

5) That Defendants Lozovoy and Relevante, have submitted Proposed Jury Instructions at No? (16 & 17) seeking to introduce my past bad acts

1 of 2

5) THAT DEFENDANTS REQUESTS SEEK TO GAIN AN UNFAIR ADVANTAGE BY WAY OF APPLYING A DOUBLE STANDARD.

6) PLAINTIFF HAS AGREED WITH MR. WILSON NOT TO MENTION TO THE JURY ANY SETTLEMENT TALKS

7) PLAINTIFF HAS PROPOSED TO MR WILSON THAT NEITHER PARTY IMPOSE ON THE JURY THEIR PARTIES AMOUNT OF RELIEF TO BE AWARDED IN THE EVENT I WIN.

8) I HAVE THE TEST RESULTS OF MEDICAL EXAMINATIONS THAT WERE PERFORMED BY THE DEFENDANTS CO-WORKERS AND/OR ASSOCIATES. WHO ALSO PROVIDED ME THE SAME INCLUDING X-RAYS, MRI'S, AND EMG/NCS'S

9) THAT I PARTICIPATED IN A DEPOSITION HEARING IN WHICH ATTORNEYS FROM ALL DEFENDANTS ALSO PARTICIPATED AND THEY RECIEVED ALL THE ANSWERS TO THEIR QUESTIONS

PURSUANT TO 28 U.S.C. SECT 1746, I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT

EXECUTED! ON THIS 8th DAY OF DECEMBER IN THE YEAR OF 2022 IN THE COUNTY OF KERN AT THE LOCATION OF (KVSP)

Respectfully

2 of 2