UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ASBERRY,<br><br>               Plaintiff,<br><br>    v.<br><br>C. RELEVANTE, et al.,<br><br>               Defendants. | Case No. 1:16-cv-01741 JLT HBK (PC)<br><br>ORDER RE MOTIONS IN LIMINE<br><br>(Docs. 235, 256, 260) |

The parties filed several motions in limine regarding evidence expected to be presented at trial. (Docs. 235, 256, 260.) The Court finds the matters suitable for decision without oral argument pursuant to Local Rule 230(g) and General Order 618.

**I.    Background**

Tony Asberry is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983 against Defendants C. Relevante, Lozovoy, Ferris, and Godfrey. (Doc. 1.) Plaintiff alleges that while incarcerated at Kern Valley State Prison, Defendants violated his Eighth Amendment rights. (*Id*.) Plaintiff also alleges that Ferris and Godfrey violated his First Amendment rights. (*Id*.) On April 17, 2015, Plaintiff was examined by a medical doctor for back injuries, pain, and mobility impairment. He was placed in the California Department of Corrections and Rehabilitation Disability Placement Program with a "verified disability" and permanent wheelchair accommodations. (*Id*. at 7.) On October 22, 2015, Plaintiff

1

1  was summoned to the medical clinic to be seen by a nurse. (*Id*.) While there, Lozovoy, a nurse
2  practitioner, told Plaintiff, "I'm going to take your wheelchair." Plaintiff attempted to explain that
3  he had proper documentation for the wheelchair. Lozovoy responded, "I don't care what any
4  doctor said." (*Id*.) He rescinded Plaintiff's accommodations based on the results of an EMG and
5  nerve conduction study, but without conducting a physical examination of his own. (*Id*.)

6        As a result of Lozovoy's rescission, Plaintiff alleges he was unable to participate in any
7  activities out of his cell, including to attend medical appointments, visit the yard for fresh air, take
8  regular showers, attend church, visit the library, use the telephone, or report for work
9  assignments. (Doc. 1 at 8.) On April 26, 2016, Plaintiff's wheelchair accommodations were
10 returned. (*Id*.) On June 8, 2016, Plaintiff's wheelchair accommodations were again revoked; this
11 time by Relevante. (*Id*. at 10; Doc. 14 [substituting Doe #3 for Defendant Relevante].) Plaintiff
12 was reassigned to a cell that, without a wheelchair, required him to crawl on the ground using his
13 arms to reach the toilet or the cell door for meals. (Doc. 1 at 10.) He regained wheelchair
14 accommodations on June 28, 2016. (*Id*.)

15       On July 6, 2016, CDCR Sergeant Ferris and CDCR Officer Godfrey presented to
16 Plaintiff's cell for purposes of transferring him to High Desert State Prison. (Doc. 1 at 11.) They
17 transported Plaintiff via wheelchair to the van, but Godfrey told Plaintiff he could not take the
18 wheelchair as it was property of KVSP. (*Id*.) Ferris and Godfrey carried him from the wheelchair
19 to the van and onto a metal ladder. Godfrey dragged Plaintiff onto the floor of the van and left
20 him lying on his back, handcuffed, waist-chained, and shackled. Prior to exiting the van, he told
21 Plaintiff, "since you like to file complaints on staff, find a way to get off the floor on your own."
22 Right before slamming the doors, Ferris told Plaintiff, "your [sic] in for a bumpy ride." (*Id*. at 12.)
23 Despite his constant pleas otherwise, Plaintiff claims Ferris drove the van aggressively for
24 approximately two hours before stopping and buckling him into a seat. (*Id*.) The van arrived at
25 HDSP several hours later, at which point Plaintiff was placed in a wheelchair. (*Id*.)

26 **II.     Legal Standards Governing Motions in Limine**
27       "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the
28 practice has developed pursuant to the district court's inherent authority to manage the course of

1 trials." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). The Ninth Circuit explained motions in limine allow parties to resolve evidentiary disputes ahead of trial "before attempted use of the evidence before the jury." *United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009).

Importantly, motions in limine seeking the exclusion of broad categories of evidence are disfavored. *See Sperberg v. Goodyear Tire and Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). The Court "is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007). The Sixth Circuit explained, "[A] better practice is to deal with questions of admissibility of evidence as they arise [in trial]" as opposed to ruling on a motion in limine. *Sperberg,* 519 F.2d at 712. Nevertheless, motions in limine are "an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child & Family Services*, 115 F.3d 436, 440 (7th Cir. 1997).

"[A] motion in limine should not be used to resolve factual disputes or weigh evidence," *C & E Services, Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D. D.C. 2008), because that is the province of the jury. *See Reeves v. Sanderson Plumbing Products*, 530 U.S. 133, 150 (2000). The Court will bar use of the evidence in question only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. *Jonasson*, 115 F. 3d at 440.

For example, under the Federal Rules of Evidence, any evidence that is not relevant is not admissible. Fed. R. Evid. 402. To determine that evidence is relevant, the Court must find "(a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Nevertheless, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The rulings on the motions in limine made below do not preclude either party from raising the admissibility of the evidence discussed herein, if the evidence adduced at trial demonstrates a change of circumstances that would make the evidence admissible, such as for impeachment or if

the opponent opens the door to allow for its admissibility. In this event, the proponent of the evidence **SHALL** raise the issue with the Court outside the presence of the jury. Finally, the rulings made here are binding on all parties and their witnesses and not merely on the moving party.

### III.     Analysis

#### A.     Plaintiff's Motion in Limine: Prior Felony Convictions

Plaintiff's motion in limine seeks to limit the Defendants' ability to introduce evidence of his prior felony convictions. (Doc. 235.) Specifically, he asks that Defendants specify what convictions they intend to introduce and provide an explanation for doing so. (*Id.* at 2, 7.) He also requests that the Court set forth boundaries and limitations on the introduction of such evidence. (*Id.* at 3.) Under the Federal Rules of Evidence, neither of Plaintiff's requests are warranted.

Rule 609 provides that a testifying witness's character for truthfulness may be attacked by evidence of a criminal conviction for a crime that is punishable by imprisonment for more than one year and for any crime proving a dishonest act or false statement. Fed. R. Evid. 609(a). The rule limits the use of convictions where it has been more than ten years since the conviction or release from confinement for it, whichever is later. Fed. R. Evid. 609(b). "[A]bsent exceptional circumstances, evidence of a prior conviction admitted for impeachment purposes may not include collateral details and circumstances attendant upon the conviction." *United States v. Sine*, 493 F.3d 1021, 1036 n. 14 (9th Cir. 2007) (quoting *U.S. v. Rubio*, 727 F.2d 786, 797 n.5 (9th Cir. 1983)). "Generally, only the prior conviction, its general nature, and punishment of felony range are fair game for testing the [witness's] credibility." *United States v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009) (quoting *U.S. v. Albers*, 93 F.3d 1469, 1480 (10th Cir. 1996)) (quoted text in both decisions referred to "defendant's credibility" specifically).

Importantly, Defendants Ferris and Godfrey concede evidence of Plaintiff's prior felony convictions may only come in to attack his character for truthfulness, or in other words, to impeach him. (Doc. 284 at 1.) They do, however, challenge Plaintiff's requests for specification, explanation, and limitation. (*Id.* at 1-2.) Defendants correctly contend that Rule 609 sets forth the proper boundaries of admissibility for prior felony convictions. (*Id.*)

  Though not clear which of Plaintiff's felony convictions Defendants intend to introduce at trial, if any, Ferris and Godfrey note that Plaintiff's felony convictions for second-degree robbery and drug possession are admissible as impeachment evidence, subject to Rule 403. (Doc. 284 at 2.) The Court agrees with Defendants insofar as the convictions to be introduced are less than ten years old or they are convictions for which Plaintiff is still serving a sentence, whichever is later. Fed. R. Evid. 609(b). Plaintiff indicates he is currently serving a sentence related to a third-strike conviction for second-degree robbery. (Doc. 235 at 4.) It appears, at a minimum, this conviction *may* be introduced as impeachment evidence. Nonetheless, the Court presumes Defendants will only seek to introduce prior felony convictions consistent with Rule 609, if at all. If Plaintiff maintains his intent to—and does—testify, *only* prior felony convictions consistent with Rule 609 are admissible.

  Accordingly, Plaintiff's motion is **GRANTED** to the extent Defendants seek to introduce prior felony convictions for purposes other than impeachment. The motion is **DENIED**, however, to the extent Plaintiff seeks specific identification and explanation by Defendants as well as to the extent he requests that the Court exceed the confines of Rule 609 by setting further limitations on Defendants' impeachment rights.

  **B.**  **Defendants Lozovoy and Relevante's Motions in Limine**

    1.  Character Evidence of Defendants' Involvement in Other Lawsuits and Allegations of Misconduct

  Defendants' first motion in limine seeks to preclude Plaintiff from introducing evidence or eliciting testimony related to any Defendant's involvement in other lawsuits and any other prison grievances or allegations of misconduct made against them. (Doc. 256.) Defendants claim the only purpose of soliciting such testimony would be to attempt to convince the jury that the Defendants are liable because they acted—or were accused of acting—similarly in other instances, which is prohibited under Federal Rule of Evidence 404(b). (*Id*. at 2-3.)

  Plaintiff argues in opposition that Defendants attempt to set a standard deserving of explanation. (Doc. 282.) He appears to take the position that because Defendants may seek to introduce his prior felony convictions, they are attempting to set a double standard by preventing

5

Plaintiff from eliciting testimony of Defendants' past misconduct. (*Id.* at 2.) However, Plaintiff conflates Rule 404(b) with Rule 609 in advancing this argument.

As discussed above, Rule 609 governs the use of prior felony convictions for *impeachment* purposes. Rule 404(b), on the other hand, provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). In other words, Plaintiff may not attempt to persuade the jury to draw an inference of liability based on allegations of similar past misconduct. Rule 404(b) does provide, however, that prior acts evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). Plaintiff does not identify which of the exceptions apply in this situation.

However, the Court cannot determine at this juncture what evidence Plaintiff seeks to introduce and thus, whether it may be relevant and admissible by way of an exception or for impeachment purposes. Without placement of such evidence in the proper context, the Court cannot make a broad ruling. Defendants' motion in limine is **DENIED**, without prejudice, to renewal during trial by way of appropriate objection.

### 2. Offers to Compromise

Defendants next move to preclude Plaintiff from offering or eliciting testimony of any offers to compromise or statements made during settlement negotiations pursuant to Federal Rule of Procedure 408. (Doc. 256 at 3.) Defendants proffer the parties have attended numerous settlement conferences throughout the litigation process and anticipate Plaintiff's only motive for mentioning the details of these conferences would be to argue Defendants' concession of liability based on an expression of willingness to settle, which is prohibited by Rule 408. (*Id.*) Plaintiff does not oppose this motion. (Doc. 282 at 2-3.) The motion is **GRANTED**.

### 3. Evidence of Payment or Indemnification by the State

Defendants' third motion seeks to exclude evidence that the State of California may indemnify Defendants in the event an adverse judgment is entered against them in this action. (Doc. 256 at 4.) Defendants argue this evidence is prejudicial as a jury may feel more inclined to

find for Plaintiff if it believes the Defendant will be indemnified as opposed to being required to satisfy the judgment alone. (*Id.*) Basing their argument on Federal Rule of Evidence 411, Defendants contend there is "no logical basis for distinguishing between indemnification by a private insurer and indemnification by a state or one of its departments." (*Id.*)

Plaintiff asserts that neither party should be allowed to impose on the jury its position regarding the amount of relief, if any, to be awarded to Plaintiff. (Doc. 282 at 3.) However, balancing under Rule 403 is a central role of the Court in determining admissibility of evidence. More specifically, "[c]ourts have generally held that evidence of indemnity should be excluded under the balancing test of 403 because the evidence can be prejudicial and is generally not highly probative." *Armstrong v. Hawaiian Airlines, Inc.*, 2019 WL 13162437, at *11 (D. Haw. Oct. 29, 2019) (citing *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1190 (9th Cir. 1995)). Indeed, several courts within this district have held evidence of indemnification is unduly prejudicial for the same reasons Defendants propose they will be prejudiced if such evidence is introduced. *See Jacobs v. Alexander*, 2015 WL 8010537, at *4 (E.D. Cal. Dec. 7, 2015) (granting motion to exclude evidence relating to payment or reimbursement by the State of California under Rule 411 as both irrelevant and prejudicial "because a jury is more inclined to deliver a verdict against a defendant if it believes that he is indemnified as opposed to the defendant alone being required to satisfy the judgment"); *Washington v. Samuels*, 2016 WL 3999990, at *4-5 (E.D. Cal. July 25, 2016) (same); *Williams v. Steglinkski*, 2016 WL 1183134, at *2 (E.D. Cal. Mar. 28, 2016) (same). Accordingly, Defendants' motion is **GRANTED**. Testimony or evidence of payment or indemnification to Defendants by the State or CDCR shall not be elicited.

4.   Medical Records and Testimony Offered by Plaintiff

Defendants anticipate Plaintiff will seek to testify and/or introduce medical records regarding his sustained injuries; need for past and future health care; and/or need for wheelchair accommodations. (*See* Doc. 256 at 5.) As such, they argue Plaintiff lacks both medical competence and the expert qualifications required to testify regarding "a diagnosis, opinions, inferences, or causation" under Federal Rules of Evidence 701 and 702. (*Id.* at 5-6.) They therefore seek preclusion of Plaintiff's opinion testimony regarding his medical records, medical

condition, or alleged injuries. *(Id*. at 6.) They concede that Plaintiff "may testify as to what he experienced and felt as a result of Defendants' alleged conduct." (*Id*. at 5.) Plaintiff opposes the motion, appearing to argue such evidence is necessary to rebut Defendants' defense that Plaintiff had no medical need for wheelchair accommodations. (Doc. 282 at 3.) Plaintiff also asserts a medical doctor's opinion in the form of various test results (e.g. X-ray, EMG, MRI) is admissible because such opinions "speak for themselves" and are not Plaintiff's opinions. (*See id*. at 3, 6.)

### a. Plaintiff's testimony

Plaintiff correctly, though only in part, cites the Federal Rule of Evidence guiding lay witness testimony. (*See* Doc. 282 at 5 [citing Fed. R. Evid. 701].) He appears to argue, however, that he should be able to testify as to his medical records to establish as a lay witness. Plaintiff's argument is misplaced. Federal Rule of Evidence 701 provides:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a) rationally based on the witness's perception;
>
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; *and*
>
> *(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.*

Fed. R. Evid. 701 (emphasis added). "Rule 701 has been used to bar lay witnesses from testifying as to their opinion on causation where such a determination would require the experience of an expert." *Lillie v. ManTech Int'l Corp*., 2018 WL 6323076, at *5 (C.D. Cal. Dec. 3, 2018). Rule 702 governs opinion testimony of a witness qualified as an expert based on his or her "knowledge, skill, experience, training, or education." Fed. R. Evid. 702.

As Defendants correctly note, Plaintiff is not designated as an expert in this case, nor does he attempt to argue such. Plaintiff also does not indicate what specific testimony he intends to introduce. As a non-expert witness under Rule 701, Plaintiff may testify as to what he saw or felt relating to his medical needs or condition but may not testify as to any medical matter which requires scientific, technical, or other specialized knowledge. *See Gilmore v. Lockard*, 2017 WL 615155, at *2 (E.D. Cal. Feb. 14, 2017). He may also testify as to how *he believes or opines* his injuries were caused. *See Sienze v. Kutz*, 2019 WL 1332184, at *3 (E.D. Cal. Mar. 25, 2019)

8

("Plaintiff may not testify as to a future prognosis, which would require expert medical opinion, but he may testify as to his direct perceptions of pain, function of his own body parts, his own mental perceptions, and his perceived causes of those ailments."). In addition, Plaintiff may testify as to *his understanding* of any medical diagnosis he received from a medical professional. "Just because a lay witness cannot testify about his opinion as to the causation of the emotional distress does not mean that a plaintiff cannot testify about the surrounding facts which prove a causal link between the alleged wrong and the alleged damage, even without an expert." *Boren v. Harrah's Ent. Inc.*, 2010 WL 4340641, at *2 (D. Nev. Oct. 26, 2010); *Jan. v. Dr Pepper Snapple Grp., Inc.*, 594 F. App'x 907, 910-11 (9th Cir. 2014) (an expert witness is "not required to establish that [Plaintiff] experienced mental distress and depression for purposes of noneconomic damages. [Plaintiff] was entitled to prove the latter type of damages by testifying about his own perceptions"). Thus, for example, if Plaintiff perceived the bumpy ride and felt the resulting pain, this testimony is permitted. However, he cannot testify as to the injuries he suffered that can only be explained by an expert. Defendants' motion to preclude any testimony that goes beyond that permitted from a lay witness is **GRANTED**.

       *b.*  *Medical records*

Relatedly, Defendants request that Plaintiff be precluded from introducing his medical records into evidence. (Doc. 256 at 5-6.) Information regarding medical opinions and observations from medical records are hearsay and may not be admitted without a testifying medical professional. *See Gilmore*, 2017 WL 615155, at *2. Plaintiff does not appear to dispute that he cannot testify regarding medical causation, nor can he interpret his medical records. He does, however, note "undisputed" facts: that Dr. Kim is a medical doctor, that Dr. Kim performed a complete medical evaluation of Plaintiff, and that Dr. Kim reviewed Plaintiff's medical file including X-ray and MRI testing results. (Doc. 282 at 4.) However, Plaintiff has not disclosed Dr. Kim as an expert witness or expressed any intent to call Dr. Kim as a witness. Absent a testifying medical professional, these records are inadmissible hearsay.

Notwithstanding, the Court appreciates Plaintiff's indication that communications with defense counsel were ordered to end prematurely and as a result, there are issues yet to be

resolved. (Doc. 282 at 6.) Based on the aforementioned uncertainties and in the interest of both judicial economy and the jury's time, the parties are urged to continue their meet and confer efforts *prior to trial* to resolve any disputes as to what specific evidence Plaintiff will seek to introduce and/or testimony he intends to elicit with respect to his medical records, condition, treatment, and diagnoses while keeping the Federal Rules of Evidence regarding opinion testimony in mind. To the extent a stipulation cannot be reached, the Court **RESERVES** ruling on this issue if and when the parties' intentions are clarified at trial.

### 5. Court Orders and Findings and Recommendations

Defendants anticipate Plaintiff will seek to introduce the Court's findings and recommendations as well as court orders regarding Defendants' prior motions for summary judgment. (Doc. 256 at 6.) Defendants argue these documents are inadmissible because they are not relevant under Federal Rule of Evidence 401 and any probative value of their introduction would be substantially outweighed by the dangers of unfair prejudice under Rule 402. (Doc. 256 at 6.) Plaintiff does not oppose this motion. Accordingly, Defendants' motion is **GRANTED**.

### 6. Need for Shackling During Trial

Defendants' final request is that Plaintiff be shackled during trial and the Court hold a brief hearing to allow Defendants to present documentation in support of their position. (Doc. 256 at 6-7.) "[J]udges must seek to maintain a judicial process that is a dignified process." *Deck v. Missouri*, 544 U.S. 622, 631 (2005). When evaluating whether to shackle an in-custody plaintiff during a civil trial, the Court must perform an "individualized security determination" that takes into account the circumstances of the particular case. *Claiborne v. Blauser*, 934 F.3d 885, 896, 900 (9th Cir. 2019).

Plaintiff does not challenge Defendants' request that he be shackled. (*See* Doc. 282.) Thus, Defendants' motion is **DENIED** as to their request for a hearing and **GRANTED** as to the need for Plaintiff's legs—though not his hands[1]—to be shackled during trial. To mitigate any potential prejudice, Plaintiff's shackling will be concealed from the jury and any need for Plaintiff

---

[1] This will be the order *unless* plaintiff's conduct demonstrates that his hands must be shackled to preserve the safety and security of the courtroom.

to move in or out of the courtroom will take place outside the presence of the jury. Finally, all Defendants and their counsel **SHALL NOT** mention Plaintiff being shackled and **SHALL NOT** stand or move about during trial. To do so, while Plaintiff cannot, risks the fairness of the proceeding, and the Court will not allow this. Thus, counsel are strongly encouraged to use an evidence presentation program on a laptop that they bring to Court to present their evidence most conveniently. If they cannot do this, Court staff will assist them and Plaintiff to place their evidence on the document camera.

### C. Defendants Ferris and Godfrey's Motion in Limine: Evidence of Defendants' Personnel Files

Ferris and Godfrey seek to preclude questioning and testimony about, and exclude evidence from, Defendants' personnel files, including any adverse action taken against them as a result of their transport of Plaintiff to High Desert State Prison. (Doc. 260.) Defendants argue this evidence is not relevant and its admission would be unduly prejudicial under Rules 401 and 403. (*Id*. at 2.) Plaintiff opposes the motion, asserting that what Defendants attempt to label personnel files or records are actually findings of adverse action taken against them by CDCR, which is "evidence of guilt for the case they are on trial for." (Doc. 181 at 2.)[2]

Notwithstanding, Defendants seek very generally to exclude evidence from their personnel files. As such, it is unclear at this point which portions of Defendants' files are or are

---

[2] Plaintiff incompletely quotes a case from the Northern District of California, asserting that "Pursuant to Penal Code sect. 6133(a), the OIG . . . investigations and staff grievance inquiries conducted by the CDCR . . . are admissible under the public records exception." (Doc. 281 at 2.) The order actually reads:

> Pursuant to California Penal Code § 6133(a), the OIG is 'responsible for contemporaneous public oversight of the Department of Corrections and Rehabilitation investigations and staff grievance inquiries conducted by the Department of Corrections and Rehabilitation's Office of Internal Affairs . . . . The Office of the Inspector General shall have discretion to provide public oversight of other Department of Corrections and Rehabilitation personnel investigations as needed.' *The OIG's records, reports, statements, and data compilations are presumptively admissible under the public records hearsay exception, Federal Rule of Evidence 803(8).*"

*Armstrong v. Newsom*, 2021 U.S. Dist. LEXIS 47083, *37 n.19 (emphasis added). Contrary to Plaintiff's piecemeal quote, *Armstrong* does not hold that CDCR staff grievances and investigations are admissible under Rule 803(8), but rather that OIG records, reports, statements, and data compilations are. This motion does not concern such documents. Thus, Plaintiff's reliance on *Armstrong* is not persuasive.

not admissible. More significantly, Defendants do not articulate the evidence they seek to exclude or that they anticipate Plaintiff will seek to introduce. The Court declines to make a broad ruling of this kind. However, in general, character evidence <u>may not</u> be admitted unless there is a reason for it unrelated to proving that the person acted in conformity with this character trait on the occasion at issue. In any event, Defendants' motion in limine is **DENIED** without prejudice to its renewal if appropriate during trial.

## IV. Order

For the reasons set forth above, the Court **ORDERS**:

1. Plaintiff's motion in limine (Doc. 235) is **GRANTED IN PART** and **DENIED IN PART**.
2. The Court rules on Defendants Lozovoy and Relevante's motions in limine (Doc. 182) as follows:
   a. Motion No. 1 is **DENIED** without prejudice.
   b. Motion No. 2 is **GRANTED**.
   c. Motion No. 3 is **GRANTED**.
   d. Motion No. 4(a) is **GRANTED** and the ruling on No. 4(b) is **RESERVED**.
   e. Motion No. 5 is **GRANTED**.
   f. Motion No. 6 is **GRANTED IN PART** and **DENIED IN PART**.
3. Defendants Ferris and Godfrey's motion in limine (Doc. 260) is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: __**March 17, 2023**__                    _Jennifer L. Thurston_
                                                  UNITED STATES DISTRICT JUDGE